This is an appeal from a jury verdict in favor of the defendants in an automobile accident case. On December 6, 1979, Lionel Eugene Glass was driving a truck owned by his employer, Elba Baking Company. It was a wet, rainy day. The plaintiff, Mrs. Mary Alice Goodson, was ahead of Glass. Goodson was attempting to turn left, into her driveway. There was a conflict in testimony concerning whether Goodson made a left turn signal. Mr. Glass and a witness testified that Mrs. Goodson made no turn signal, but angled into the left lane as if to make a turn. Both parties applied their brakes.
Mr. Glass testified that Goodson pulled her car back into the right lane. Mr. Glass was unable to stop, and the truck he was driving struck the vehicle driven by Mrs. Goodson.
Mrs. Goodson did not seek immediate care. Later, she learned from her doctor that she suffered neck and back injuries. Nevertheless, evidence was introduced at trial that less than two months before the accident, Mrs. Goodson was in another automobile accident in which her truck spun and rolled over. Mrs. Goodson was hospitalized and sent to a neurologist in Pensacola, Florida, where she spent additional time in the hospital. There was testimony at trial that this earlier accident could be the cause of her back and neck injuries. Mrs. Goodson had a long history of back problems and had a back operation as a result of an automobile accident in 1957.
Mrs. Goodson underwent another back operation after the accident. Goodson and her husband brought suit against Mr. Glass and Elba Baking Company, seeking damages for negligence. The jury rendered a verdict in favor of the defendants. The plaintiffs made a motion for a judgment notwithstanding the verdict, or in the alternative, for a new trial. The trial court denied the motion. We affirm.
Conflicting evidence was presented at trial on the factual issues of whether Mr. Glass negligently operated the truck and whether the accident caused Mrs. Goodson's injuries. Both breach of a legal duty and proximate cause are necessary elements of a negligence claim. Quillen v. Quillen,388 So.2d 985 (Ala. 1980). Obviously, the jury resolved these questions of fact in favor of the defendants. It is the function of the jury to resolve controverted issues of fact. Fleming v.Kirkpatrick, 371 So.2d 16 (Ala. 1979). The verdict of a jury is presumed to be correct, and will not be set aside unless it is against the preponderance of the evidence, or, viewed in the light most *Page 500 
favorable to the non-moving party, is clearly wrong and unjust.Trans-South-Rent-A-Car, Inc. v. Wein, 378 So.2d 725 (Ala. 1979). The verdict of the jury is supported by credible evidence. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.