PER CURIAM.
This is an appeal from a summary judgment, made final pursuant to Rule 54(b), A.R.Civ.P., in favor of one defendant in a wrongful death action. The action arose from a vehicular accident. The issue is whether the plaintiffs have set forth facts sufficient to withstand the motion for summary judgment.
On April 30, 1983, defendant Flora Register was driving in a northerly direction on Geneva County Highway 49. She was followed by a truck occupied by plaintiffs’ decedents, Royce Saunders, Jr., and Christopher Smith. When plaintiffs’ decedents attempted to pass Register’s vehicle their truck went out of control, crossed the highway, and rolled over, resulting in the deaths of both occupants of the truck. Plaintiffs allege that the accident was caused by Register’s negligence in veering into the southbound lane and forcing the truck occupied by plaintiffs’ decedents off the highway.
It is the contention of the plaintiffs that potholes and a generally poor road surface caused Register to swerve into the opposing lane.
The only witnesses to the accident were the occupants of the car driven by Register and the resident of a house near the site of the accident.
The deposition testimony of the occupants of Register’s vehicle indicates that at all times her vehicle continued in the northbound lane, in an orderly manner, never crossing the center line of the highway. No statement to the contrary by any witness has been offered by plaintiffs.
Plaintiffs’ contention that Register’s vehicle crossed the center line is based on: (1) an assertion that potholes or an otherwise hazardous road surface existed in the northbound lane of Geneva County Highway 49 at the point where the plaintiffs’ decedents’ truck left the road; (2) the deposition testimony of Register that her vehicle did not strike any potholes; and (3) the inference that, since Register did not recall hitting any potholes, she must have veered left into the southbound lane to avoid the obstructions.
Register’s motion for summary judgment is supported by deposition testimony which contradicts the contention that she was negligent. Therefore, to defeat the motion, the plaintiffs must respond by setting forth specific facts to show that there is a genuine issue for trial. They may not rest on the allegations of their pleadings. A.R. Civ.P. 56(e).
The plaintiffs argue that Register’s swerving into the southbound lane may be inferred from the existence of potholes in the northbound lane and from Register’s statement that she did not hit them. Even *754 assuming such an inference would not be too remote and would meet the plaintiffs’ burden of demonstrating a genuine issue, plaintiffs have not presented sufficient evidence to create such an inference. The record shows that there was a witness residing on property adjacent to the highway where the accident occurred and that there was an investigating officer at the scene after the accident; it also includes interrogatories directed to the county engineer concerning road conditions. Yet there is nothing in the record which would establish the existence of potholes in the northbound lane of Geneva County Highway 49 at or near the point in question.
The record shows only vague references in the deposition testimony of plaintiffs suggesting there were rough places and potholes somewhere in the road. There is nothing to show the location of any such obstructions in relation to the point where the truck began to pass Register’s vehicle. When questioned whether there were potholes at the point where the accident occurred, the occupants of Register’s car responded that they could not recall any.
Folmar v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818 (1975), is distinguishable. There, the complaining witness by affidavit testified to the surroundings of the specific area in question. She supported her affidavit with a photograph of the area, and she authenticated the photograph. In Folmar, this Court said, “[T]he fact that an ultimate jury verdict in the plaintiff’s favor might involve some speculation or conjecture as to what caused her fall is not dispositive of this case.” But the Court added, “There is nothing wrong with a case built around sufficient circumstantial evidence, provided the circumstances are proved and not merely presumed.” 293 Ala. at 690, 309 So.2d at 821, paraphrasing Richard v. Eaves, 273 Ala. 120, 135 So.2d 384 (1961) (emphasis added).
In the instant case the existence of potholes at the critical point on the highway is merely presumed. Because plaintiffs did not “set forth specific facts showing that there is a genuine issue for trial,” Rule 56(e), A.R.Civ.P., the trial court did not err in granting summary judgment for defendant Register.
AFFIRMED.
TORBERT, C.J., and MADDOX, AL-MON, BEATTY and HOUSTON, JJ., concur.