Nancy Chinevere filed an action against Cullman County, the Cullman County Commission, and the individual commissioners in their capacity as county commissioners, to recover for injuries which she received when an automobile in which she was a passenger slid off a county highway and overturned. At the close of plaintiff's case the trial court, noting that "it is close — real close," directed a verdict for the defendants since there was not a "scintilla of evidence that the plaintiff's injuries were the proximate consequence of any negligence of these defendants." Ms. Chinevere appeals, and we reverse and remand. *Page 842 
Our standard for reviewing the trial court's granting of a directed verdict is the same standard used by the trial court in ruling on a motion for a directed verdict. Great SouthwestFire Insurance Co. v. Stone, 402 So.2d 899 (Ala. 1981).
The standard by which the trial court must determine the propriety of granting a motion for a directed verdict is the "scintilla evidence rule." Rule 50(e), Ala.R.Civ.P. Admitting the truthfulness of all evidence favorable to Ms. Chinevere, are there facts from which the jury could reasonably infer that the defendants' negligence proximately contributed to Ms. Chinevere's injuries? The inferences do not have to be the most likely inferences which could be drawn from the facts; all inferences must be conceded which are not logically unreasonable. Allstate Enterprises, Inc. v. Alexander,484 So.2d 375 (Ala. 1985).
In Jefferson Co. v. Sulzby, 468 So.2d 112, 114 (Ala. 1985), Justice Faulkner, writing for a division of this Court, wrote:
 "Since the county can be sued for its negligence, and a county is exclusively responsible for the maintenance and control of its roadways, its standard of care is to keep its streets in a reasonably safe condition for travel, and to remedy defects in the roadway upon receipt of notice."
A county has a duty to warn of the dangerous condition of a roadway. Hale v. City of Tuscaloosa, 449 So.2d 1243, 1246 (Ala. 1984).
Ms. Chinevere was injured in a one-car accident at approximately 8:00 P.M. on December 20, 1983. She was a guest in the car. Her brother was the driver; he was killed in the accident. Her brother was an employee of Show Biz Pizza and was returning to Cullman from a private home, where he had catered a party. He had not been drinking. He was driving between 30 and 35 mph. He had complained of no mechanical problems with the car. It was raining or sleeting. As the car entered a 90-degree curve to the right, the car slid sideways to the left. Ms. Chinevere did not see any warning signs before the car entered the curve. There was an eight- to ten-foot drop in elevation from the roadway to the land adjacent to the roadway. The car slid sideways off the embankment, traveled approximately 80 feet, some of the time in the air, and landed on its top.
There had been many prior accidents at the curve in County Highway No. 22, at which this accident occurred. The county had been notified of the prior accidents. The county had taken no action in regard to the highway. There was evidence that there was one sign, 450 to 500 feet from the curve (facing traffic traveling in the direction that the Chineveres were traveling), which showed only an arrow drawn at a 90-degree angle. There was no other sign which posted a lower maximum speed or a warning. The sign used is the sign to be used to "mark curves where an engineering investigation of roadway geometrics and operating conditions show the recommended speed on a turn to be 30 mph or less," Alabama Manual of Uniform Traffic ControlDevices, p. C-10, which was Ms. Chinevere's Exhibit 12A.
There was evidence that there had been 25 accidents in this curve in the two-year period preceding Ms. Chinevere's accident. Three accidents occurred in one night.
It would not be logically unreasonable for the jury to infer from the facts before the trial court at the time it directed a verdict for the defendants that the county's failure to keep County Highway No. 22 in a reasonably safe condition for travel or to adequately warn of the sharp curve and to post a maximum safe speed of less than 30 mph for that curve could have proximately contributed to the accident in which the car in which Ms. Chinevere was riding slid off the roadway and therefore proximately contributed to Ms. Chinevere's injuries, which were undisputably caused by the accident. Under our present sufficiency-of-the evidence standard — the "scintilla," or "any evidence," rule — that most favors a factual determination by a jury, this case should have been submitted to a jury for its resolution of the factual disputes. It was reversible error for the trial court to direct a verdict for the defendants. *Page 843 
It is not necessary to address Ms. Chinevere's other issue of "Whether the Court properly refused the Plaintiffs accident reconstruction expert to be qualified and render expert opinion testimony at the trial of this matter."
However, we note that when a witness is duly qualified as an expert, and it appears from the transcript of the evidence that John E. Sims was, then he may base his opinion upon either facts of which he has firsthand knowledge or facts, in evidence, which are assumed in a hypothetical question asked of him. His opinion must be based upon facts and not upon opinions or conclusions of others. Armstead v. Smith, 434 So.2d 740
(Ala. 1983).
To keep from invading the province of the jury, an expert should not be permitted to give an opinion on something that is common knowledge or something that jurors can figure out for themselves. Wal-Mart Stores, Inc. v. White, 476 So.2d 614 (Ala. 1985). The subject matter must be beyond the range of recognition, comprehension, perception, understanding, or knowledge, i.e., beyond the ken, of the average jury. Thompsonv. Jarrell, 460 So.2d 148 (Ala. 1984).
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.