These appeals raise the question of whether a county may be held liable for failing to erect a stop sign at an intersection of two county roads. Plaintiffs filed two suits arising out of a single accident in which Mrs. Johnnie H. Davis and Mrs. Patricia Ann Davis were injured when their car ran off County Road 67 in Coffee County. At the time of the accident County Road 67 was being used as a detour around construction work on County Road 6. At the place of the accident, County Road 67 terminated at an intersection with another road, although apparently not at a right angle with the other road. The vehicle travelled across the intersection and struck an embankment. The two occupants sued Coffee County and its commissioners to recover for their injuries and their husbands sued for expenses and loss of consortium. The trial court granted summary judgment for the county, relying on City ofPrichard v. Kelley, 386 So.2d 403 (Ala. 1980).
In City of Prichard v. Kelley, this Court held that a city may not be held liable under the provisions of Code 1975, §11-47-190, for failing to maintain a traffic sign, because a defective traffic sign is not a physical obstruction or defect within the meaning of that statute, which is applicable to municipalities but not to counties. The Court then proceeded to determine whether the city could be held liable under general tort principles. The Court, citing Dorminey v. City ofMontgomery, 232 Ala. 47, 166 So. 689 (1936), held that the city had no duty to erect a stop sign because such a decision was purely discretionary, but that it could be held liable if it erected one and failed to maintain it properly.
Plaintiffs cite Jefferson County v. Sulzby, 468 So.2d 112
(Ala. 1985), as providing a basis for holding that the trial court erred in the instant case. We find that there are distinguishing factors which leave the principle of Kelley as controlling here. In Sulzby, the physical condition of the road was a major factor in the accident. At the scene of the accident, a church parking lot apparently joined the county road on the right side, with no indication of the border between the two; at the same point, the road took a left turn at the top of a hill. Sulzby testified that he had been using the center line of the county road to maintain his position on the road, but that the center line disappeared as he came to *Page 330 
the curve at the top of the hill. Thus, there was also evidence in that case that the county had painted a center line on the road but had failed to maintain it properly.
The Court in Kelley quoted from 18 McQuillin, MunicipalCorporations § 53.-42 (3d ed. rev. 1984), a statement of the law in jurisdictions, such as Alabama, where the distinction between proprietary and governmental functions no longer determines liability:
 "The rule is that once having elected to erect devices to guide, direct or illuminate traffic where no duty exists to do so, a municipality then has a duty to maintain those devices in a condition conducive to the safe flow of traffic and will be liable for its negligence in failing so to do."
Elsewhere in the McQuillin treatise the rule is said to be that "Neither is a city required to barricade or erect signs at all jogs or T-turns in its streets to prevent [their] users from proceeding onto private property abutting such turns." 19 McQuillin, op. cit., § 54-94g (3d ed. rev. 1985). In Cooper v.City of Fairhope, 263 Ala. 619, 83 So.2d 321 (1955), this Court found no cause of action stated where the alleged
 "defect was in the fact that Summit Street to the traveller thereon had the appearance at night of continuing northwardly beyond the actual termination thereof and there was no adequate warning signal, sign or other means of warning the travelling public indicating the terminations [sic] of the street or the existence of the right angle turn or otherwise indicating the proximity of danger to the travelling public in vehicles proceeding on and along that portion of Summit Street."
Id., 263 Ala. at 622, 83 So.2d at 323.
The rule as stated by McQuillin fits the instant case precisely and may appropriately be applied to counties, which administer many miles of roads under conditions which make it impracticable to post traffic signs at every turn or intersection. Therefore, the trial court did not err in granting summary judgment. The judgment in each case is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY and STEAGALL, JJ., concur.
HOUSTON, J., concurs in the result.