Sandra D. Smoyer appeals from the summary judgment granted in favor of the defendants. We affirm.
On February 29, 1984, the Birmingham Area Chamber of Commerce (hereinafter "Chamber of Commerce") hosted a "Business After Hours" reception at the Mountain Brook Sheraton Hotel (hereinafter "Sheraton"). James C. Kyzer was a member of the public affairs committee of the Chamber of Commerce. As a member of this committee, Kyzer volunteered to sell admission and drink tickets at the reception. The admission price of $3 per person was charged in order to cover the cost of the food served at the reception, while beer and mixed drink tickets were sold for a nominal charge of $.50 and $1.00, respectively. Kyzer was provided free drinks at the reception.
Kyzer left the Sheraton at approximately 8 p.m. Smoyer was traveling in the left southbound lane of U.S. Highway 280 near the intersection of Highway 280 and the Sheraton driveway when Kyzer was leaving the Sheraton. As Kyzer was exiting the Sheraton driveway, he drove his automobile into the acceleration lane; then he moved into the right southbound lane and then into the left southbound lane of Highway 280, where he was struck by Smoyer's automobile as he moved into the lane.
Smoyer filed suit against several parties. The defendants included Kyzer and Liberty National Life Insurance Company, neither of whom is involved in this appeal. In her suit Smoyer alleged against the Chamber of Commerce and Cory G. Jackson (the manager of the Sheraton) a cause of action based upon Alabama's Dram Shop Act (Ala. Code 1975, § 6-5-71); she alleged against Cory G. Jackson, Jackson Motel Management Company, Inc., The Patio Club of Birmingham, Inc., and M.B. Motel Limited (the owners and operators of the Sheraton), a claim of negligence in the design and maintenance of the driveway to the Sheraton from Highway 280; she alleged against Giattina, Kirkwood Partners, Architects, Inc., a claim based on negligent design of the driveway; and she alleged against F.R. Hoar Son, Inc., a claim of negligent construction of the driveway. Summary judgments were granted in favor of all the defendants involved in this appeal.
Jackson Motel Management Company, Inc., operated the Sheraton by contract with The Patio Club of Birmingham, Inc., which was the general partner of M.B. Motel Limited, which owned the premises. Cory G. Jackson was the president of Jackson Motel Management Company, Inc.
 Dram Shop Claims
The pertinent part of Ala. Code 1975, § 6-5-71, states:
 "(a) Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages."
In Martin v. Watts, 508 So.2d 1136, 1141 (Ala. 1987), this Court stated:
 "Section 6-5-71 creates a civil remedy against persons who, contrary to law, cause the intoxication of another by providing the other person with alcoholic beverages, when the plaintiff is injured because of the intoxication. The term which most narrowly limits this cause of action is the requirement that the providing of the alcoholic beverages be contrary to law." (Emphasis original.)
Smoyer argues that because the Chamber of Commerce did not have a license to sell alcoholic beverages, as required by Ala. Code 1975, § 28-3A-3(a)(16), it provided alcoholic beverages to Kyzer contrary to the law. Section 28-3A-3(a)(16) provides that the Alcoholic Beverage Control Board may issue a special event retail license to persons for the purpose of selling alcoholic beverages for a period of three days. Alabama Code 1975, *Page 587 
§ 28-3A-25(a)(15), provides that it is unlawful for any association of persons to sell alcoholic beverages without a license. Although the Chamber of Commerce may have sold alcoholic beverages without a license to do so, the primary issue in this case is whether there was a sale or a providing
of alcoholic beverages to Kyzer contrary to the law.
A "sale" is defined in Ala. Code 1975, § 28-3-1(25), as follows:
 "Any transfer of liquor, wine or beer for a consideration, and any gift in connection with, or as a part of, a transfer of property other than liquor, wine or beer for a consideration." (Emphasis added.)
Smoyer asserts that a "sale" occurred between Kyzer and the Chamber of Commerce because Kyzer conferred a benefit upon the Chamber of Commerce by selling admission and drink tickets at the reception and, in exchange for performing these services, received alcoholic beverages. We do not agree.
In order to constitute consideration for a promise, there must have been an act, a forbearance, a detriment, or a destruction of a legal right, or a return promise, bargained for and given in exchange for the promise. Files v. Schaible,445 So.2d 257 (Ala. 1984); Roberts v. Lindsey, 242 Ala. 522,7 So.2d 82 (1942); and 17 Am.Jur.2d Contracts § 85, at 427 (1964). The evidence is undisputed that Kyzer volunteered his services to the Chamber of Commerce without regard to whether alcoholic beverages would be served to him. Kyzer testified that this was the first function at which he had worked and that he was not aware that "complimentary" drinks would be served to him when he volunteered his services. The evidence establishes that Kyzer had no intention of volunteering his services in exchange for alcoholic beverages; therefore, there was no "sale" of alcoholic beverages to Kyzer. Since this Court does not recognize a common law cause of action for negligently dispensing alcohol, Buchanan v. Merger Enterprises, Inc.,463 So.2d 121 (Ala. 1984), the summary judgment for the Chamber of Commerce is affirmed.
Smoyer also asserts that Cory Jackson, who held the liquor license for the Sheraton, should be liable under the Dram Shop Act for allowing an unlicensed vendor to sell or provide alcoholic beverages at the Chamber of Commerce reception. As previously stated, in order for the Dram Shop Act to apply, a person must have provided alcoholic beverages to another. SeeMartin v. Watts, supra. In this case, there is no evidence that Jackson or any person under his control provided alcoholic beverages to Kyzer. The record shows that the Sheraton did not furnish the liquor to be served and did not furnish the bartenders for the function. Jackson and the Sheraton's only connection to the Chamber of Commerce function was that the Sheraton rented a reception room to the Chamber of Commerce. Accordingly, summary judgment was properly granted for Jackson.
 Negligence Claims
Smoyer asserts that the owners and operators of the Sheraton were negligent in the design and maintenance of the driveway to the Sheraton that intersects with Highway 280. Smoyer also argues that the architects who designed the driveway were negligent, and she argues that the contractors who constructed the driveway were negligent as well. Smoyer presented the deposition of an expert in traffic engineering and traffic design who testified that the driveway was defectively designed and marked. For example, he stated that there were no traffic control devices at the intersection. The defendants contend that there was a complete absence of any evidence that their alleged negligence proximately caused Smoyer's injuries.
This Court has held that no matter how negligent a party may have been in a particular instance, he is accountable only to those persons injured as a proximate result of such negligence.Hall v. Booth, 423 So.2d 184 (Ala. 1982); Goodson v. ElbaBaking Co., 408 So.2d 498 (Ala. 1981); and Vines v. PlantationMotor Lodge, *Page 588 336 So.2d 1338 (Ala. 1976). In discussing the concept of proximate cause, this Court in General Motors Corp. v. Edwards,482 So.2d 1176, 1193 (Ala. 1985), stated:
 "It is axiomatic that regardless of a tort-feasor's culpability, regardless of whether he failed to exercise reasonable care in carrying out a duty imposed upon him by law, he may not be held liable unless there is a causal connection between his action and the injury for which the aggrieved party seeks compensation."
In their motions for summary judgment, the architects, the contractors, and the owners and operators of the Sheraton offered evidence to show that there was not a causal relationship between the alleged negligent design, construction, or maintenance of the driveway and Smoyer's injuries. Due to the injuries that Kyzer received in the accident, he could not recall anything about the accident. Accordingly, he could not state whether the condition of the driveway contributed to the accident. Smoyer testified that she first saw Kyzer's automobile when it was in the acceleration lane after it had just exited the Sheraton driveway. Smoyer did not observe the automobile as it approached the intersection and could not testify as to whether the automobile stopped before entering Highway 280. In fact, there was no evidence that Kyzer did not stop prior to entering Highway 280. Based upon the testimony before the trial court, any explanation for Kyzer's actions or inactions would be based upon speculation or conjecture. Evidence that affords nothing more than mere speculation, conjecture, or guess is completely insufficient to warrant the submission of a case to the jury. Sprayberry v.First National Bank, 465 So.2d 1111 (Ala. 1984); and Headrickv. United Insurance Company of America, 279 Ala. 82,181 So.2d 896 (1966). Thus, even if we assume that the driveway was negligently designed, constructed, or maintained, there is no evidence that this negligence proximately caused Smoyer's injuries. Accordingly, the summary judgment for the defendants was properly granted.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.
JONES, J., concurs in the result.