This appeal is from a judgment made final pursuant to Rule 54(b), A.R.Civ.P., in favor of defendant General Motors Corporation. We affirm.
Because the trial court's judgment states the facts and issues, and because it addresses those issues in keeping with the respective contentions of the parties, we set forth the pertinent parts of that judgment:
"The plaintiff, Raymond B. Jones, filed this lawsuit against the defendants for personal injuries arising out of a motor vehicle accident.
"This cause came on for hearing on the motions for summary judgment by the defendants, General Motors Corporation ('GMC'), G.W. Norrell Construction Co., Inc. ('Norrell'), and Shelby County, Alabama ('County'), with supporting affidavits and citations of legal authority. The plaintiff has countered with affidavits and citations of legal authority.
"The remaining defendants are not concerned with the motions under consideration at this time.
 "FACTUAL BACKGROUND
"The plaintiff was injured on October 11, 1986, in a one-vehicle accident which took place on County Road No. 61 near Wilsonville, Alabama. The motor vehicle being operated by the plaintiff left the paved portion of the roadway and came in contact with the guardrail on the 'Four Mile Bridge,' sometimes referred to as the 'Batson Bridge.'
"The plaintiff's vehicle impacted the terminus of the guardrail adjoining the bridge. The guardrail penetrated the passenger compartment of the vehicle, resulting in severe and permanent personal injuries to the plaintiff.
"A knowledge of the history and origin of the bridge are necessary for a full understanding of the legal problems involved, and the following is a summary of the same.
"The County formulated plans and specifications for the bridge in question. These plans and specifications were submitted to all of the interested governmental entities involved for their approval. After approval, the plans and specifications were submitted to Norrell to build the bridge. After completion of the bridge by Norrell, the County, the State of Alabama, and the United States Government approved the bridge as having been constructed according to the plans and specifications previously approved by them prior to construction.
"The governmental entities involved paid their respective shares of the construction *Page 1261 
expenses to Norrell, and the bridge was accepted by the County and put into use by the travelling public. The bridge was completed and put into service in the year 1959.
"In 1986, 27 years after the construction of the bridge and its being accepted by the County, the plaintiff collided with the guardrail of the bridge and this event is now the subject of the motions under consideration.
"The paved portion of the roadway approaching and crossing the bridge is 22 feet in width. Each side of the paved portion is marked by a white line approximately 4 inches in width. The approximate center of the paved portion is marked by a yellow line approximately 4 inches in width. The guardrail involved in this accident is located approximately 14 inches outside of the paved surface of the roadway. The roadway approaching the bridge in the direction of the plaintiff's travel is straight and fairly level for a distance of approximately 1,300 feet before reaching the bridge.
"The plaintiff was driving a 1986 model Chevrolet Blazer vehicle at the time of the accident, which had been manufactured by the defendant GMC.
"It is felt by the Court that this rather detailed history of the bridge and its dimensions is necessary to an understanding and resolution of the contentions of the defendants.
"The plaintiff was unfortunate, additionally, in that the ambulance transporting him to the hospital was involved in an accident and this second accident is the subject of controversy with the remaining defendants.
"Thus, the discussion of the motions for summary judgment will be limited to the first accident, wherein the plaintiff impacted the terminus of the guardrail.
 "CONTENTIONS OF THE PLAINTIFF
"The plaintiff contends that Norell negligently constructed a guardrail that was a hazard to vehicular traffic upon or near the roadway; and that, additionally, Norrell did not follow the plans and specifications furnished to it for the construction of the bridge and guardrail.
"The plaintiff contends that the County was negligent in the design, plans, and specifications for construction of the bridge and guardrail; and, further, that the County was negligent in the maintenance of said bridge and guardrail from the time of construction to the time of the accident in question.
"The plaintiff contends that GMC was negligent in the design, manufacture, and assembly of the 1986 Chevrolet Blazer based upon the Alabama Extended Manufacturer's [Liability] Doctrine ('AEMLD'). His contention is that the design and manufacture of the Blazer channeled or directed the guardrail toward the plaintiff rather than deflecting the guardrail away from the plaintiff and his position in the vehicle.
"The plaintiff was alone in the vehicle in the early morning hours on the day of the accident and there were no other witnesses. Thus, the plaintiff is the only occurrence witness.
"The plaintiff has not offered in opposition to the motions of the defendants any explanation for his Blazer's leaving the paved portion of the roadway and impacting the terminus of the guardrail. It is the contention of the plaintiff that the negligence of these defendants increased the severity of his injuries and damages. He does not make the charge that their negligence in any wise caused his Blazer to leave the paved portion of the roadway.
 "CONTENTIONS OF THE DEFENDANT COUNTY
"The County contends that the bridge and guardrail were properly designed, constructed, and maintained from the date of construction to the time of the accident 27 years later, and that the bridge and guardrail met all design criteria and all construction and state-of-the-art knowledge with respect to bridges and guardrails that existed in 1959.
"The County further contends that there is no law that requires it to change or modify the bridge and guardrail with respect *Page 1262 
to the original construction or with respect to the maintenance of same since the date of construction.
"The County denies being negligent in any regard whatsoever. However, assuming for the sake of argument that it was negligent as claimed by the plaintiff, the County contends that such negligence could not be the proximate cause of the plaintiff's injuries and damages.
". . . .
 "CONTENTIONS OF THE DEFENDANT NORRELL
"Norrell contends that it constructed the bridge and guardrail according to the plans and specifications furnished to it. Further, following its completion of the bridge and guardrail, says Norrell, all of the governmental entities involved accepted and approved the bridge and guardrail as having been completed in accordance with the plans and specifications. Norrell was paid for services rendered and the County accepted the services as completed.
"Norrell denies being negligent in any regard whatsoever. However, assuming for the sake of argument that it was negligent as claimed by the plaintiff, Norrell contends that its negligence could not be the proximate cause of the plaintiff's injuries and damages.
". . . .
 "CONTENTIONS OF THE DEFENDANT GMC
"GMC contends that the Blazer was designed, manufactured, and assembled in accordance with and in compliance with all known federal motor vehicle safety standards applicable at the time the Blazer was placed in the stream of commerce. In short, GMC denies that it breached any standard of care as required by the AEMLD.
"GMC denies being negligent in any regard whatsoever. However, assuming for the sake of argument that it was negligent as claimed by the plaintiff, [GMC says] its negligence could not be the proximate cause of the plaintiff's injuries and damages.
". . . .
 "LEGAL ISSUES
"The motions of the defendants, separately and severally [in their ultimate effect], come to the inescapable conclusion that no matter how negligent each of them may have been, either singularly or in combination, their negligence could not have been the proximate cause of the plaintiff's injuries and damages.
"The plaintiff's burden is to present at least a scintilla of evidence as to four material averments:
 "(1) a duty owing from the defendant "(2) a negligent breach of that duty
"(3) which proximately caused
"(4) plaintiff to be injured or damaged.
"Even if the plaintiff has met his burden with respect to averments (1), (2), and (4), it is contended by the defendants that he has failed completely with respect to proving the averment (3) of proximate cause.
"The County and Norrell contend that their negligence, if any, resulted in a 'static condition' and that this condition had existed some 27 years prior to the accident in question. In short, their negligence did not cause the plaintiff's vehicle to leave the roadway and impact the guardrail. Thus, argue the County and Norrell, for their negligence to be actionable, it must have occurred in combination with the negligent act of another person, which should have been anticipated or foreseen by them. Further, the County and Norrell contend that the bridge had remained for all these many years in basically the same position and design as originally constructed.
"GMC contends that its negligence, if any, resulted in a 'static condition' and this condition had existed since the date of manufacture and sale to the date of the plaintiff's accident. Thus, for its negligence to be actionable, says GMC, it must have occurred in combination with the negligent act of another person, which should have been anticipated or foreseen by it; in short, that any negligence of GMC did not cause *Page 1263 
the plaintiff's vehicle to leave the roadway and impact the guardrail.
"It can be seen that each of the defendants contends that any negligence on their part could not be the proximate cause of the plaintiff's injuries and damages, but could only be actionable if another person was negligent and that person's negligence combined and concurred to produce the plaintiff's injuries and damages. Additionally, the defendants say that [each of them should be liable only if] the negligence of the other person could have been or should have been anticipated or foreseen by them.
"Alabama Pattern Jury Instructions — Civil on proximate cause reads as follows:
 " 'PROXIMATE CAUSE — DEFINITION " 'The proximate cause of an injury is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would not have occurred.'
"A.P.J.I. — Civil 33.00.
 " 'COMBINED AND CONCURRENT CAUSES " 'If one is guilty of negligence which concurs or combines with negligence of another, and the two combine to produce (injury) or (damage), each negligent person is liable for the resulting (injury) or (damage) and the negligence of each will be deemed the proximate cause of the injury.'
"A.P.J.I. — Civil 33.01.
"In arriving at a decision on whether the plaintiff has produced a scintilla of evidence as to proximate cause, we must consider both . . . definitions contained in A.P.J.I. 33.00 and A.P.J.I. 33.01. This is true because the negligence of the defendants merely produced a static condition and the static condition was not the proximate cause of the plaintiff's vehicle leaving the paved portion of the roadway. Then, we must consider the question of what other person's negligence, other than that of the plaintiff himself, caused the vehicle to leave the road. The plaintiff has the burden of proof to present a scintilla of evidence that his vehicle was caused to leave the roadway by the negligence of some person, other than himself, and [that] that person's negligence combined with the negligence of the defendants to proximately cause his injuries and damages.
"Any misconduct of the plaintiff amounting to contributory negligence would be the burden of the defendants. We are not now concerned with this issue [because it was not raised as a ground for the defendants' motions]. We are only concerned with the issue of negligence of persons other than the plaintiff himself.
"The Supreme Court of Alabama, in the case of Clendenon v.Yarbrough, 233 Ala. 269, 271, 171 So. 277, 278 (1936), adopted the proposition of the issue as found at 22 R.C.L. 132 et seq., and stated that original negligence is the proximate cause of injury where it 'produces a dangerous condition of things, which does not become active for mischief until another person has operated upon it by the commission of another negligent act, which might not unreasonably be anticipated to occur. The original act of negligence is then regarded as the proximate cause of the injury which finally results.' This ruling was followed later in the case of Lawson v. General Telephone Co.of Alabama, 289 Ala. 283, 267 So.2d 132 (1972).
"This proposition was again followed and restated inMarshall County v. Uptain, 409 So.2d 423, 426 (Ala. 1982):
 " ' "The proximate cause of an injury is the primary moving cause without which it would not have occurred, but which, in the natural and probable sequence of events, produces the injury." City of Mobile v. Havard, 289 Ala. 532, 268 So.2d 805 (1972), appeal after remand, Havard v. Palmer Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228
(1974). Negligence need not be the sole cause of injury in order to hold the negligent person liable. It is sufficient that his or her negligence, "concurring with one or more efficient causes . . . is the proximate cause of the injury." Lawson *Page 1264 v. General Telephone Co. of Alabama, 289 Ala. 283, 267 So.2d 132 (1972) (quoting Shepard v. Gardner Wholesale, Inc., 288 Ala. 43, 256 So.2d 877 (1972), and Chambers v. Cox, 222 Ala. 1, 130 So. 416
(1930). When the concurring cause is another person's negligence which might reasonably be anticipated or foreseen, the original act of negligence may be regarded as the proximate cause of the injury which results. [Citations omitted.]'
"In Saunders v. Register, 496 So.2d 752 (Ala. 1986), it was the plaintiff's contention that potholes and a generally poor road surface caused the defendant to swerve into the opposing lane and injure the plaintiff. In Saunders, the plaintiff argued that the defendant's swerving into the southbound lane could be inferred from the existence of potholes in the northbound lanes and from the defendant's statement that she did not hit the potholes. The Saunders Court held that the plaintiff could not rest upon the allegations of the pleadings to defeat the defendant's motion for summary judgment, but must respond by setting forth specific facts to show that there was a genuine issue for trial.
"The Saunders opinion adopted the following quote from Folmarv. Montgomery Fair Co., 293 Ala. 686, 690, 309 So.2d 818, 821
(1975): 'There is nothing wrong with a case built around sufficient circumstantial evidence, provided the circumstances are proved and not merely presumed.' In Vines v. PlantationMotor Lodge, 336 So.2d 1338 (Ala. 1976), the Court held that the defendant truck owner's negligence per se, in leaving his truck unlocked with the keys in the ignition in violation of a municipal ordinance, was not the proximate cause of the alleged injuries and death in that the consequences of the theft of the truck were too remote to have been reasonably foreseen by the truck's owner.
"The key here is foreseeability. Then the question here under consideration should be as follows: Should the defendants have anticipated or foreseen that the plaintiff's vehicle would leave the roadway without any explanation whatsoever as to the cause?
"In Vines, supra, the Court concluded its decision with this statement: 'In this case, we hold the negligent driving of the thief was the proximate cause of the injuries; defendant's negligence, if any, was too remote to be a proximate cause of those injuries. Therefore, violation of the ordinance, under the facts in this case, cannot be considered a proximate cause of the accident as a matter of law.' 336 So.2d at 1340.
"In Smoyer v. Birmingham Area Chamber of Commerce,517 So.2d 585 (Ala. 1987), the plaintiff claimed damages against a hotel for negligent design and maintenance of a driveway in failing to install a 'stop sign.' The Smoyer Court held that there was no liability absent evidence of proximate cause:
 " 'This Court has held that no matter how negligent a party may have been in a particular instance, he is accountable only to those persons injured as a proximate result of such negligence. [Citations omitted.] In discussing the concept of proximate cause, this Court, in General Motors Corp. v. Edwards, 482 So.2d 1176, 1193 (Ala. 1985), stated:
 " ' "It is axiomatic that regardless of a tort-feasor's culpability, regardless of whether he failed to exercise reasonable care in carrying out a duty imposed upon him by law, he may not be held liable unless there is a causal connection between his action and the injury for which the aggrieved party seeks compensation." '
 " '. . . Thus, even if we assume that the driveway was negligently designed, constructed, or maintained, there is no evidence that this negligence proximately caused Smoyer's injuries.'
"Smoyer, 517 So.2d at 587-88.
 "FINDINGS
"Due to the plaintiff's failure to present evidence as to the cause of his Blazer vehicle's leaving the road and impacting the guardrail, any claim that the defendants' negligence is the proximate cause of the *Page 1265 
plaintiff's injuries and damages would be a product of pure supposition, speculation, conjecture, or guesswork.
"The court finds that the defendants' negligence, if any, is too remote to be a proximate cause of the plaintiff's injuries and damages.
 "CONCLUSION
"The court finds that the motions for summary judgment by the defendants are well taken and hereby are granted. There being no just reason for delay, final [judgment is] hereby entered in favor of the defendants General Motors Corporation, G.W. Norrell Construction Co., Inc., and Shelby County, Alabama, as per Rule 54(b), A.R.Civ.P.
"Costs, if any, relative to these defendants, are taxed to the plaintiff.
"Done and ordered this the 26th day of June, 1989.
 "/s/ Claude Hughes "Claude Hughes, Judge"
While we do not necessarily agree with the trial judge's "proximate cause" rationale, as opposed to a "breach of duty" analysis, we find no basis for reversal.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.