HOUSTON, Justice
(concurring in the judgment).
This Court has been sending mixed signals to the Bench and Bar about the standard to be applied in determining whether an expert witness will be allowed to give opinion testimony. For that, as the author of Ex parte Wesley, 575 So.2d 127 (Ala.1990), I am somewhat responsible, so I write to clarify what I understand the present rule to be. An expert can give opinion testimony based in part on the opinions of others when those opinions are customarily relied upon by the expert in the practice of his profession and when those opinions are in evidence. Ex parte Wesley, 575 So.2d 127 (Ala.1990). In Nash v. Cosby, 574 So.2d 700 (Ala.1990), we broke this new ground, departing from the rule formerly followed in Brackin v. State, 417 So.2d 602, 606 (Ala.Crim.App.1982), and Chinevere v. Cullman County, 503 So.2d 841, 843 (Ala.1987). In Nash, the records or opinions on which the expert based his opinion were in evidence. Chief Justice Hornsby noted in Nash that “the recent trend has been toward allowing expert testimony that is based upon medical or hospital or psychological records, even in some cases where those records are not in evidence,” 574 So.2d at 704, as Judge Bowen had noted when he wrote in Brackin: “There is a trend toward the admission of an expert’s opinion based partly on medical, psychological, or hospital records not in evidence if the reports are of a type customarily relied upon by the expert in the practice of his profession,” 417 So.2d at *29 606. In Brackin, the Court of Criminal Appeals unanimously stated that this trend had not been followed in the courts of this State. In Nash, the majority opinion, in which I concurred, did not make this disclaimer. Therefore, Justices Maddox and Steagall dissented in Nash, assuming that the majority of this Court had departed from stare decisis on this rule as well as the rule previously discussed (opinion based upon opinion). See, Ex parte Wesley, 575 So.2d at 130-31 (Maddox, J., concurring specially).
The defendant in Wesley had been sentenced to death. Did this fact cause us not to take that next step and allow expert testimony based upon records that are not in evidence? It would be difficult for me to change a rule, standard, or principle of law to execute a person. However, with the ease with which hospital records, business records, and learned treatises can be admitted into evidence in this State, it is perhaps wise to carefully consider whether we should now follow the trend not heretofore followed and no longer abide by “the general and traditional rule.” Brackin, 417 So.2d at 606, citing 31 Am.Jur.2d Expert and Opinion Evidence, § 86 (1967).
It is my understanding that an expert witness may give opinion testimony based upon facts of which he has personal knowledge; based upon opinions of others, if these are opinions of a type customarily relied upon by the expert in the practice of his profession; or based upon facts that are assumed in a hypothetical question. In any event, the facts known to the expert, the opinions of others of a type customarily relied upon by the expert in the practice of his profession, and the hypothesized facts must all be facts in evidence.