Charles David Mixon and Elizabeth Jean Chavis, both minors, sued Houston County, by and through their respective fathers, alleging that they were injured when the automobile in which they were riding failed to make a sharp curve in County Road 13 *Page 1318 
in Houston County and ran off the road and alleging that negligence on the part of the County had caused their injuries. The plaintiffs' complaint was based on allegations that the County had acted negligently or wantonly in not posting a sign to warn them of the curve. The trial court entered a summary judgment for the County, apparently concluding that the County was under no duty to post a sign on County Road 13 warning of the curve in the road. The plaintiffs appealed. We reverse and remand.
The summary judgment was proper if there was no genuine issue of material fact and the County was entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. The burden was on the County to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to the plaintiffs to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against them. See Stafford v. Mississippi Valley TitleInsurance Co., 569 So.2d 720 (Ala. 1990). In determining whether there was a genuine issue of material fact, we must view the evidence in a light most favorable to the plaintiffs and must resolve all reasonable doubts against the County. Because this case was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12. "Substantial evidence" has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
The evidence, viewed in the light most favorable to the plaintiffs, shows the following: Mixon and Chavis were injured when the automobile in which they were riding failed to make a sharp curve in County Road 13 and ran off the road into a ditch. This curve in County Road 13 is characterized in the evidence as a "90-degree curve"; however, one of the County's engineers, Jack Ammons, described the location of the accident as a "dead end" with a curve possibly exceeding 90 degrees. Mixon was driving the automobile approximately 45 miles per hour at the time of the accident, which occurred at approximately 10:00 p.m. Neither Mixon nor Chavis was familiar with the road, and no sign had been posted on the road warning drivers of the severity of the angle of the curve or requiring a reduction in speed. O'Neal Ham, another engineer employed by the County, testified by deposition that the County follows certain guidelines[1] and that those guidelines specified that the County's paved roads that had curves of at least four degrees should have had signs posted on them warning of the curves; however, Jack Ammons testified that some of the County's paved roads with curves of at least four degrees in them were not posted with warning signs. O'Neal Ham testified that the County should have posted a warning sign on County Road 13 once that section of the road where the accident occurred was paved. Jack Ammons testified that, under the guidelines, County Road 13 should have been posted with a sign warning of the curve. County Road 13, although still under construction, was paved and open for travel by the public at the time of the accident.
A county, by virtue of its exclusive authority to maintain and control its roads, is under a common law duty to keep its roads in repair and in a reasonably safe condition for their intended use. Elmore County Comm'n v. Ragona, 540 So.2d 720,724 (Ala. 1989) ("[s]ince the county can be sued for its negligence, and is exclusively responsible for the maintenance and control of its roadways, its standard of care is to keep its roads in a reasonably safe condition for travel, and to remedy defects in the roadway upon receipt of notice"). See, also, Jefferson County v. Sulzby, *Page 1319 468 So.2d 112 (Ala. 1985); and Chinevere v. Cullman County,503 So.2d 841 (Ala. 1987), where the plaintiff was injured when the automobile in which she was riding failed to make a 90-degree curve and ran off the road and down an embankment. The evidence in Chinevere tended to show that an adequate sign warning of the curve had not been posted on the road, even though the county had been placed on notice of the extremely dangerous condition of the road. This Court, holding that the county had a duty to warn unsuspecting drivers of the dangerous condition of the road, reversed the summary judgment for the county.
We note that, as a general rule, a county is vested with discretion in determining where it will place traffic signs and is not under a duty "to post traffic signs at every turn or intersection," see Davis v. Coffee County Comm'n, 505 So.2d 329
(Ala. 1987); however, a county has no discretion to ignore a dangerous defect in one of its roads once it has received notice of that dangerous defect. Elmore County Comm'n v.Ragona; Chinevere.
The County argues that it was under no legal duty to post a sign on County Road 13 warning of the curve. Rather, it contends that any decision on its part with regard to posting a warning sign on the road was completely discretionary because, it says, there was no evidence tending to show that the curve posed a danger to the public, or, if there was, there was no evidence tending to show that the County had been placed on notice of the dangerous condition. The plaintiffs contend that the County was under a duty to post a warning sign on County Road 13 because, they say, there was evidence tending to show that, without a warning sign, the abrupt curve in the road made the road unreasonably dangerous to drivers, like themselves, who were unfamiliar with that portion of the road and because, they say, the County either knew or should have known of the dangerous condition.
After carefully reviewing the record, especially the deposition testimony of the two engineers employed by the County, we conclude that fact questions exist as to whether the curve in County Road 13 was defective in design or layout at the time of the accident (i.e., whether the curve in the road, due to the severity of its angle, was unsafe for travel) and, if the road was defective in that regard, whether the County had been placed on notice of the dangerous condition. Of particular significance is the testimony of one of the County's engineers, O'Neal Ham, that the guidelines followed by the County called for the County's paved roads to have signs warning of curves of at least four degrees. It is also significant that another engineer, Jack Ammons, testified that warning signs were not always posted on the County's paved roads with curves of at least four degrees. The angle of the curve on County Road 13 was severe. The road, which was open for travel by the public, had been paved shortly before the accident and was still under construction at the time of the accident. Although the evidence does not show a history of accidents at the curve or a history of complaints with regard to the severity of the angle of the curve, as was the case inChinevere v. Cullman County, supra, a jury could logically and reasonably infer from the evidence presented that the County, through its supervising engineers, had been placed on notice prior to the accident that the severe angle of the curve in County Road 13 constituted a design defect in the road that rendered the road unsafe for travel, and that the County had negligently or wantonly breached its duty to keep the road in a reasonably safe condition for travel by failing to post a warning sign. Therefore, in accordance with our standard of review, we hold that the summary judgment for the County was inappropriate.
For the foregoing reasons, the judgment for the County is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX, ALMON, STEAGALL and INGRAM, JJ., dissent.
[1] Although it is not clear in the record, these guidelines appear to be set out in the Alabama Manual of Uniform TrafficControl Devices. *Page 1320