The facts of this case are not materially different from those in Davis v. Coffee County Comm'n, 505 So.2d 329 (Ala. 1987), wherein the plaintiffs sought to impose liability on the county for its failure to erect a stop sign at the intersection of two county roads. In Davis, the plaintiffs were travelling on a county road being used as a detour. That road intersected another road almost at a right angle. The plaintiffs' vehicle travelled across the intersection and struck an embankment.
In affirming a summary judgment for the county, the Court, inDavis, followed the rule of law announced in City of Prichardv. Kelley, 386 So.2d 403 (Ala. 1980), and held that the county could not be held liable for its failure to erect a stop sign at the intersection of the two county roads.
The majority cites Davis and admits that Davis states the general rule, but refuses to apply it. Citing Elmore CountyComm'n v. Ragona, 540 So.2d 720 (Ala. 1989), and referring toJefferson County v. Sulzby, 468 So.2d 112 (Ala. 1985), andChinevere v. Cullman County, 503 So.2d 841 (Ala. 1987), the majority holds that the testimony of two engineers in this case was substantial evidence that the county had notice of the alleged defect and, therefore, that a genuine issue of material fact was presented.
I think that the facts of this case are substantially similar to those in Davis. Based on the facts of this case, I believe that the trial court properly entered the summary judgment in favor of the county; consequently, I must respectfully dissent.
ALMON, STEAGALL and INGRAM, JJ., concur.