Terrell reached a pro tanto settlement of $50,000 with the plaintiff. Prior to this pro tanto settlement, Terrell had not cross-claimed against the County or impleaded any entity into the action. These facts are inconsistent with an inference that Terrell was not negligent. In any event, I cannot reasonably infer that the design of the highway had anything to do with the fact *Page 1386 
that Terrell's truck left the roadway. However, there is evidence that the roadway was defective and that the County had notice of this. There is also evidence that the County had a duty because of the highway defects to erect a guardrail to keep "errant" vehicles that run off the road from crashing into the ditch. Mixon v. Houston County, [Ms. 1901757, February 14, 1992] 1992 WL 27941 (Ala. 1992). There was testimony that if the guardrail had been erected, Terrell's truck would not have run into the ditch. Therefore, I can distinguish this case fromJones v. General Motors Corp., 557 So.2d 1259 (Ala. 1990), andSmoyer v. Birmingham Area Chamber of Commerce, 517 So.2d 585
(Ala. 1987); and I agree that it should have been tried to a jury.