HOUSTON, Justice.
Alabama State Farm Credit Union (“credit union”) filed a breach of contract action against William J. Stewart, who then filed a third-party complaint against State Farm Mutual Automobile Insurance Company (“State Farm”) alleging negligence, fraud, and breach of contract. The trial court granted State Farm’s motion for summary judgment as to all of Stewart’s claims. Stewart appeals only from that portion of the summary judgment that relates to his breach of contract claim. We reverse and remand.
Stewart, who was employed by State Farm for approximately 34 years, alleged in his third-party complaint that State Farm, through one of its representatives, had orally promised him that it would pay off his loan at the credit union and that he had relied on that promise by taking advantage of State Farm’s early retirement program. Stewart further alleged that State Farm had failed to pay the credit union and that he had been damaged as a result. The trial court held that the oral promise, assuming that it had been made, violated Ala.Code 1975, § 8-9-2 (the Statute of Frauds), and, thus, was unenforceable.
The summary judgment was proper if there was no genuine issue of material fact and State Farm was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on State Farm to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to Stewart to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. In determining whether there was a genuine issue of material fact, we must view the evidence in a light most favorable to Stewart and must resolve all reasonable doubts against State Farm. Mixon v. Houston County, 598 So.2d 1317 (Ala.1992).
*1216 The evidence in this case, viewed most favorably to Stewart, indicates that before Stewart’s retirement a representative of State Farm told Stewart that State Farm would pay off his loan at the credit union. Although he was surprised by the representative’s statement, Stewart did not consider it to be out of the ordinary because another State Farm representative had previously told him that although the company had discontinued its policy of giving bonuses to early retirees, State Farm handled each retirement on a case-by-case basis. Stewart testified that he had been considering early retirement long before the alleged promise to pay his loan was made, and that he had actually taken the necessary steps to effectuate his retirement, but that he had had continuing reservations as to whether he could afford to retire early. He further testified that he “would have changed [his] mind” about retiring had State Farm not made the offer to pay his credit union debt, and that “when [State Farm] indicated that [the loan was] going to be taken care of ..., [he] had it made.”
Stewart and State Farm are at issue over whether § 8-9-2 was applicable under the circumstances presented in this case. Section 8-9-2 provides, in pertinent part, as follows:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
[[Image here]]
“(3) Every special promise to answer for the debt, default or miscarriage of another.”
The evidence in this case shows that State Farm promised Stewart that it would pay his debt to the credit union, not that State Farm promised the credit union that it would pay Stewart’s debt. This case does not involve a “promise to answer for the debt ... of another” within the meaning of § 8-9-2. In other words, this case falls within the rule that a promise made to a debtor whereby the promisor undertakes to discharge the debt is not affected by § 8-9-2. See I.H.M. Inc. v. Central Bank of Montgomery, 340 So.2d 30 (Ala.1976); see, also, 72 Am.Jur.2d Statute of Frauds §§ 179, 186, 209 (1974); and Williston on Contracts § 460 (3d ed. 1960).
State Farm next contends that it received no consideration for its alleged promise; however, the record does not affirmatively show that State Farm received no benefit in exchange for a promise to pay off Stewart’s loan. In fact, the record is silent as to what benefit, if any, State Farm might have received from Stewart’s early retirement. State Farm offered early retirement to its employees; State Farm had paid bonuses to employees who took early retirement. Considering the evidence most favorably toward Stewart, the non-movant, we cannot reasonably infer that State Farm received no benefit from Stewart’s early retirement. The burden was on State Farm to make a prima facie showing that there was no consideration for the alleged promise and, thus, that it was entitled to a judgment as a matter of law, before the burden shifted to Stewart to come forward with any evidence pertaining to this issue. See, e.g., Aetna Life & Casualty Co. v. Atlantic & Gulf Stevedores, 590 So.2d 205 (Ala.1991). State Farm did not make that showing.
For the foregoing reasons, the judgment is reversed as to the contract claim, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.