RICHARD L. HOLMES, Retired Appellate Judge.
Charles Wayne Parrott appeals from a summary judgment entered in favor of Home Quarters Warehouse, Inc. (H.Q.). This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal Parrott contends that the trial court committed reversible error when it granted H.Q.’s summary judgment motion in H.Q.’s favor.
Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law.
Our review of the record reveals the following pertinent facts: In March 1993 Par-rott was shopping at H.Q. in Montgomery, Alabama, when someone approached him from behind, struck him, and knocked him down.
Parrott filed an action against H.Q., alleging that an unknown employee of H.Q., while acting in the line and scope of his/her employment with H.Q., negligently and/or wantonly caused, or allowed, a shopping cart to collide with Parrott, striking him from behind. Parrott further alleged that he fell to the floor after being struck with the shopping cart and that as a result of this fall, he suffered bodily injuries. Parrott sought compensation for the damages he suffered.
H.Q. filed a motion for a summary judgment; a brief in support of its motion; and supporting documentation, including excerpts from Parrott’s deposition and from the deposition of Dr. James P. Temple, Parrott’s doctor. We would note the following excerpts from Parrott’s deposition:
*229 “Q. And you say someone approached you from behind and hit you with a shopping cart?
“A. I suppose it was a shopping cart. Something knocked me down.
“Q. So you didn’t see or hear this person coming; is that correct?

“A. No, sir, I did not.

“Q. You said you saiv someone wearing a green top?
“A. Just out of the comer of my eye token I toas laying on the floor. I just noticed that they were wearing a green smock type thing.
“Q. Are you telling me that someone knocked you down with a shopping cart and kept on going and didn’t stop and ask if they could help you?
“A. Yes, sir, they did.
“Q. Did you get a good look at this person?
“A. No, sir, I did not.
“Q. So all that you could tell about this person is that this person had a green top or green shirt on?
“A. (Witness nods.)
“Q. Was this person black or white?
“A. I do not know because all I got was just a glimpse of a green smock top, just a person was just ivearing a green smock top and that is all I saw. They continued on.
“Q. Was this person big, fat, skinny?
“A. I don’t think that I was — I can’t use that statement.
“Q. Just say whatever is on your mind.
“A. Probably larger than average.
“Q. About how tall was this person?
“A. I do not know, sir.
“Q. What color pants was .this person wearing?
“A. I do not know, sir.
“Q. What color hair did this person have?
“A. I do not know.
“Q. You are telling me the only thing—
“A. All I saw toas just a green — just a green smock.
“Q. Was it a shirt or a vest?
“A. It was a vest type item that they wear there in Home Quarters.
“Q. Did you see the Home Quarters logo on this vest?
“A. No, sir, I did not.
[[Image here]]
“Q. Okay. This person did not say a word to you when they — Tell me was it a male or [a] female.
“A. I do not know. I do not know. I do not know whether it was a male or [a] female.
“Q. You don’t remember if this person was a male or [a] female?
“A. No, sir.
“Q. You don’t remember if this person was big or small?
“A. The person was larger than average.
“Q. You don’t remember the hair color that this person had; is that correct?
“A. No, sic.
“Q. You don’t remember anything about the clothes that this person was wearing except—
“A. All I saw was just a green smock."
(Emphasis added.)
As our supreme court stated in Tice v. Tice, 361 So.2d 1051, 1052 (Ala.1978):
“The owner of a premises in [business invitee] cases is not an insurer of the safety of his invitees, and the principle of res ipsa loquitur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee.”
In the present case Parrott alleges that he was injured when he was knocked down while shopping in H.Q. However, as noted in his deposition testimony, Parrott is not even sure what knocked him down. As noted above, Parrott testified that he knows that he was knocked down by something and that he assumes that it was a shopping cart.
As previously noted, Parrott testified that he saw a person “out of the corner of [his] eye when [he] was laying on the floor.” However, Parrott is unable to describe any *230 thing about this person, except that the person was “probably larger than average” and was wearing a green “vest type item that they wear there in Home Quarters.” Parrott admitted that he did not see an H.Q. logo on this green vest.
Additionally, we would note that in his deposition, Dr. Temple testified that his office notes indicate that on March 29, 1993, Parrott sought treatment for injuries received in a fall at H.Q. Dr. Temple further testified that he wrote in his notes that during this office visit, Parrott told Dr. Temple that on March 26, 1993, he was shopping at H.Q. and “[w]as struck by another customer’s shopping cart, [and that he] fell to the floor with injury.” (Emphasis added.)
In light of the foregoing, we find that the allegations in Parrott’s complaint — that an unknown employee of H.Q., while acting in the line and scope of his/her employment with H.Q., negligently and/or wantonly caused or allowed a shopping cart to collide tvith Parrott and knock him down — are based upon speculation or conjecture. Par-rott is merely speculating as to who and/or what struck him and caused him to fall.
Our supreme court stated the following in Smoyer v. Birmingham Area Chamber of Commerce, 517 So.2d 585, 588 (Ala.1987): “Evidence that affords nothing more than mere speculation, conjecture, or guess is completely insufficient to warrant the submission of a case to the jury.”
Consequently, the trial court did not commit reversible error when it entered a summary judgment in favor of H.Q. The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
All the Judges concur.