Adonna Morrison took her minor son, Jeremy, to a T-ball game at a baseball field on James Street in the City of Ozark. Along with Jeremy, Mrs. Morrison had brought her 18-month-old daughter, 2 nieces, and a nephew. Jeremy and the nephew were the first to exit the car, which Mrs. Morrison had parked in a lot across the street from the field. Even though Mrs. Morrison told the boys to wait for her, the nephew ran across the street. At this same time, Hilda Renz was driving down James Street toward the field. She saw the nephew run across the street, and she also saw Jeremy standing beside the road. The instant the nephew reached the other side of James Street, Jeremy "jumped the curb" and was struck by Mrs. Renz's car. Mrs. Renz was traveling 15-20 miles per hour and did not have time to brake before impact.
Mrs. Morrison and her husband filed this action in the Circuit Court of Dale County. The complaint alleged that Mrs. Renz had negligently and wantonly operated her car and thereby caused Jeremy's injuries, and that the City of Ozark had negligently or wantonly maintained James Street and had failed to remedy a dangerous condition by installing appropriate safety devices.
The claim against Mrs. Renz was settled. The City of Ozark filed a motion for summary judgment. In opposition, the Morrisons filed an affidavit of an expert witness, Andrew Ramish, who holds degrees in civil engineering and is director of highway engineering for, and president of, the Institute *Page 1111 
for Safety Analysis. He stated in his affidavit that the City of Ozark had certain duties it owed to the plaintiffs and that it had breached those duties by failing to provide playground and pedestrian signs, crosswalks, and parking on the same side of the street as the field. The trial court granted the City of Ozark's motion for summary judgment, and the Morrisons appealed.
A motion for summary judgment is properly granted when there is "no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c), Ala.R.Civ.P. Although a summary judgment in a negligence action is rarely proper, see Coleman, Summary Judgment inAlabama: The Nuances of Practice Under Rule 56, 20 Cumb. L. Rev. 40-42 (1989), there are situations in which it is appropriate.
In this case, the issue is whether the City of Ozark owed a duty to the Morrisons to erect traffic and safety devices on James Street near the ball field. The Morrisons argue that Ozark is liable under two theories: (1) the Municipal Liability Statute, Alabama Code 1975, § 11-47-190; and (2) ordinary negligence.
 Section 11-47-190
The Morrisons argue that the City of Ozark's responsibilities in this case are governed by § 11-47-190, Alabama Code 1975. However, this statute applies only to the failure to maintain streets and rights-of-way free of defects and obstructions and does not apply to the failure to erect traffic devices. This Court held in City of Prichard v. Kelley, 386 So.2d 403
(Ala. 1980), that the City of Prichard had not breached its duty under § 11-47-190 when it failed to replace a missing stop sign, because the sign was not a physical obstruction or defect within the meaning of the statute. In that case, however, the City of Prichard was found liable under ordinary negligence theories because, when it put up the stop sign, it assumed the duty to maintain it.
We conclude that the City of Ozark is not liable under §11-47-190, because erecting safety devices is not within the purview of that statute; however, the City of Ozark may be liable under a theory of ordinary negligence.
 Ordinary Negligence
Under the facts of this case, we hold that the City of Ozark was under no duty to erect traffic signs, because municipalities have discretion in erecting traffic devices.See Davis v. Coffee County Commissioners, 505 So.2d 329
(Ala. 1987) (citing City of Prichard v. Kelley, 386 So.2d 403
(Ala. 1980)); Dorminey v. City of Montgomery, 232 Ala. 47,166 So. 689 (1936).
The Morrisons argue that this Court's recent decision inElmore County Commission v. Ragona, 540 So.2d 720 (Ala. 1989), is an exception to the general rule that a municipality has discretion in erecting traffic devices. However, Ragona can be distinguished factually from the instant case and does not limit a municipality's discretion in erecting traffic devices.
In Ragona there was a hump in the road. The hump was about 18 inches high and extended 7 to 8 feet from the intersection of the road and a private driveway into the road. This Court held that because the defect was known to the county and the county could have corrected the hump or could have taken other steps to prevent accidents, the jury could properly have found the county negligent in taking no action. The Ragona case is distinguishable, because clearly the hump was a defect in the road and the county had a duty to repair it. In the present case, the alleged defect in James Street claimed by the Morrisons is the lack of signs and markings, and there is no duty upon the city to provide such markings.
There was no duty upon the City of Ozark to erect playground signs, to provide a crosswalk, or to provide parking on the same side of the street; therefore the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur. *Page 1112