This is a personal injury action brought by Amy Johnson Peoples[1] against the Town of Ragland alleging negligent maintenance of an intersection, specifically a failure to maintain safe and suitable traffic control devices at that intersection. Peoples appeals the trial court's summary judgment for the Town. We affirm.
 Standard of Review
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for ruling on a motion for summary judgment. The rule requires that, in order to enter a summary judgment, the trial court must determine: (1) that there is no genuine issue of material *Page 222 
fact; and (2) that the moving party is entitled to a judgment as a matter of law. We further note that all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party. Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990). Once the moving party makes a prima facie showing that no genuine issue of material fact exists, then the nonmovant has the burden of going forward with evidence demonstrating the existence of a genuine issue of material fact. Grider v. Grider, 555 So.2d 104 (Ala. 1989).
The burdens placed on the moving party by this rule have often been discussed by this Court:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601
(Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quotingSchoen v. Gulledge, 481 So.2d 1094 (Ala. 1985)).
Because this action was filed after June 11, 1987, the nonmovant must meet his burden by showing "substantial evidence" to indicate a genuine issue of material fact. Ala. Code 1975, § 12-21-12; Bass v. Southtrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence standard, the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." W. Schwarzer, Summary Judgment Under the Federal Rules:Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481
(1982).
 Facts
On October 10, 1987, Peoples, who was 16 years old, was driving her automobile on 5th Street in the Town of Ragland. This street intersects with St. Clair County Highway 26. She stopped at the intersection, intending to turn left onto Highway 26. A passenger in Peoples's vehicle indicated that Highway 26 was clear to the right of the vehicle. Peoples stated, however, that she could not see to her left because of a retaining wall located on that side. This retaining wall was on Wayne Kendricks's property, which bordered 5th Street and Highway 26.
Peoples indicated in her deposition that, because she could not see around the retaining wall, she drove her automobile forward a short distance, and that she continued to do this about three times, until she could see around the retaining wall. She further stated that when she finally could see around the wall, her automobile was about half-way onto Highway 26. She testified that as she pulled out onto Highway 26, she saw the headlights of an automobile approaching to her left on Highway 26. In response, she accelerated her automobile further into the intersection. The other automobile collided with Peoples's vehicle at the centerline of Highway 26, approximately 20 to 23 feet from the point at which Peoples indicated that she had last stopped her vehicle on 5th Street. Peoples testified that she had no memory of the incident after the moment at which she saw the headlights of the oncoming vehicle. She sustained a broken neck and other injuries, including cuts and bruises.
The Town moved for a summary judgment and presented a memorandum in support of its motion. The Town also submitted the affidavit of Sgt. W.J. Pardue, the investigating officer; the affidavit of Bart Arnold, the mayor of the Town of Ragland at the time of the incident; a portion of Peoples's deposition; and the deposition of Mayor Judy Dickinson, the Town's present mayor. *Page 223 
In his affidavit, Sgt. Pardue stated that he was called to investigate the accident on October 10, 1987. Based on his investigation, he concluded that: (1) the point of impact occurred approximately at the centerline of Highway 26; (2) Peoples's vehicle was a Chevrolet Chevette automobile; and (3) the point of impact was over the left rear tire.
Arnold indicated that he was the mayor of Ragland at the time of the accident, and that he was aware that Peoples and her father had sued the Town. He further stated that he was familiar with the intersection where the accident occurred and that he knew that a retaining wall had been erected around Kendricks's property. Arnold stated that he remembered discussing with Kendricks the erection of the retaining wall when the County had widened and/or rerouted and repaved Highway 26. He also stated that a brick retaining wall had been on Kendricks's property before the County widened Highway 26, and that similar retaining walls were on the property of other persons living along Highway 26.
In her deposition, Mayor Judy Dickinson stated that the Alabama State Highway Department was responsible for making decisions about the installation of a traffic light at this particular intersection in the Town of Ragland. Dickinson also stated that the State Highway Department would be responsible for installing a caution light. Dickinson testified that while the installation of a traffic light was within the province and discretion of the Alabama State Highway Department, the installation of stop signs was within the province of the city council. She indicated that if the city council decided that a traffic light was necessary, the Town would contact the State Highway Department, which would then come and investigate. Dickinson indicated that the State Highway Department would be responsible for the maintenance of such a traffic light.
Dickinson further testified that she was unfamiliar with the use of traffic mirrors as a means of controlling traffic. Also, she stated that she was unsure of which governmental body would be responsible for installing such a device. The record before us does not indicate that Dickinson was questioned about any other form of traffic control device.
During Dickinson's deposition, she was shown the minutes for the July 15, 1985, town council meeting (this meeting had occurred before she took office). At that meeting, a citizen of the Town had complained to the council that the block retaining wall at the corner of 5th Street and Highway 26 was obstructing the view. Dickinson did not know if any action had been taken on that complaint.
Dickinson stated that it was her opinion that the intersection in question was not in need of any additional traffic control devices other than the stop sign that was located at 5th Street. She stated that there was enough "depth" at the intersection for a vehicle to pull out safely so as to enable a driver to see traffic approaching on Highway 26.
In his deposition, Edmond T. Miller, Peoples's expert witness, testified that Highway 26 is a two-lane road. He further testified that the width of the road, measured from approximately 360 feet from the intersection, is approximately 60 feet, with each lane being almost 30 feet in width. He indicated that the retaining wall impinged about three feet onto that portion of Highway 26 where the wall is located, and that, because there was about two feet of grass between the wall and the pavement, the lane approaching 5th Street measured about 25-27 feet in width.
In an affidavit, Miller concluded:
 "I have had extensive experience in traffic engineering, including traffic planning, mechanics of vehicle flow, traffic flow design, and highway engineering. I have visited the location in the Town of Ragland where Amy Johnson [Peoples] was injured at the intersection of Highway 26 and Fifth Street. I have measured the sight distances applicable for traffic traveling on Highway 26, as well as Fifth Street, as it pertains to the motoring public. The sight distances for the plaintiff and traffic traveling on *Page 224 
Fifth Street, as well as Highway 26, are restricted by the presence of a retaining wall and are not adequate for the safe operation of motor vehicles at the intersection. This creates a hazardous and dangerous intersection that is not reasonably safe. Highway 26 begins to widen at this intersection without any markings indicating the correct path for vehicles to follow through the transition in width. This roadway is not in a reasonably safe condition for travel without appropriate markings directing traffic flow away from the retaining wall located at that intersection. In order to cure the defect, the Town of Ragland should have painted traffic flow channelization markings on the widened portion of Highway 26 near the retaining wall to direct traffic towards the center line of the highway, thus permitting a stop line to be provided on Fifth Street at a location where adequate sight distances could have been provided. If the Town of Ragland had done this, the vehicle which collided with the plaintiff would have been directed to travel near the center line, thus providing the plaintiff with the opportunity to have visualized the oncoming vehicle and preventing the collision."
In its order, the trial court stated:
 "After considering the arguments of counsel and the authorities cited, this Court is of the opinion that Summary Judgment in behalf of the Town of Ragland is due to be granted. Based upon the affidavits submitted by the Defendant, and the testimony of the Plaintiff in her deposition, as a matter of law there was no negligence on the part of the Defendant contributing to the injuries of the Plaintiff, for failure of the Defendant to maintain properly and adequately the intersection located at County Highway 26 and Fifth Street in the Town of Ragland, or from failure to maintain safe and suitable traffic control devices at said intersection.
 "Based upon the evidence presented to this Court, the lack of control devices at said intersection was not a [contributing] factor causing the accident resulting in Plaintiff's injuries. From the Plaintiff's own testimony, this Court finds as a matter of law that the Plaintiff was guilty of contributory negligence resulting in her injury."
 Discussion
In Smoyer v. Birmingham Area Chamber of Commerce,517 So.2d 585 (Ala. 1987), this Court affirmed the trial court's summary judgment for the defendants. In that case, the plaintiff alleged negligent design, construction, and maintenance of a driveway at the Sheraton Hotel in Birmingham that intersected with Highway 280. The plaintiff presented the deposition of an expert in traffic engineering and traffic design, who testified that the driveway had been defectively designed and marked. He stated that there were no traffic control devices present at the site. In support of their motions for summary judgment, the defendants showed that there was no causal relationship between the alleged negligent design, construction, and maintenance of the driveway and the plaintiff's injuries. Also, the plaintiff was unable to recall anything about the accident. Consequently, the plaintiff was unable to state whether the condition of the driveway contributed to the accident.
In affirming the summary judgment in Smoyer, this Court stated:
 "[N]o matter how negligent a party may have been in a particular instance, he is accountable only to those persons injured as a proximate result of such negligence. Hall v. Booth, 423 So.2d 184
(Ala. 1982); Goodson v. Elba Baking Co., 408 So.2d 498 (Ala. 1981); and Vines v. Plantation Motor Lodge, 336 So.2d 1338 (Ala. 1976). In discussing the concept of proximate cause, this Court in General Motors Corp. v. Edwards, 482 So.2d 1176, 1193
(Ala. 1985), stated:
 " 'It is axiomatic that regardless of a tort-feasor's culpability, regardless of whether he failed to exercise reasonable care in carrying out a duty imposed upon him by law, he may not be held liable unless there is a causal connection between his action and the injury *Page 225 
for which the aggrieved party seeks compensation.' "
Id. at 587-88. This Court also stated: "Evidence that affords nothing more than mere speculation, conjecture, or guess is completely insufficient to warrant the submission of a case to the jury." Id. at 588 (citing Sprayberry v. First NationalBank, 465 So.2d 1111 (Ala. 1984); and Headrick v. UnitedInsurance Co. of America, 279 Ala. 82, 181 So.2d 896 (1966)).
In Morrison v. City of Ozark, 575 So.2d 1110 (Ala. 1991), this Court addressed the question whether the City of Ozark had owed the plaintiffs a duty to erect traffic and safety devices on a street where an accident occurred. In that case the plaintiffs' son was struck by an automobile while he was crossing the street. The plaintiffs presented an affidavit of an expert witness, who stated that the City of Ozark had breached certain duties owed to the plaintiffs by failing to provide playground and pedestrian signs, crosswalks, and parking on the same side of the street as the field. The trial court entered a summary judgment for the City of Ozark, and the plaintiff appealed.
The plaintiffs in Morrison argued that the City of Ozark was liable under Alabama Code 1975, § 11-47-190, the Municipal Liability Statute, and under ordinary negligence theories. This Court held that the City of Ozark was not liable under §11-47-190 because the installation of safety devices is not within the meaning of that statute. Under the facts presented, this Court also held that the City of Ozark was not negligent, because the alleged negligence consisted of the failure to install signs and markings and the City of Ozark had no duty to erect playground and pedestrian signs, to provide a crosswalk, or to provide parking on the same side of the street. Consequently, this Court affirmed the summary judgment for the City of Ozark.
The trial court in the present case correctly concluded that there was no genuine issue of material fact and that the Town was entitled to a judgment as a matter of law. In this case, the testimony of the expert witness Edmond T. Miller tended to show that there should have been traffic channelization controls on Highway 26 as it approached the intersection at 5th Street. However, the evidence in this case does not show that the Town's purported negligence was the proximate cause of Peoples's injuries. The evidence tended to show that when Peoples saw the approaching automobile, she accelerated further into the intersection. There was no evidence presented to show that any traffic control device would have prevented her from accelerating forward into the intersection, or that the lack of any traffic control device contributed to her injuries. Also, because of her memory loss, Peoples was unable to testify where in the oncoming lane of Highway 26 the approaching vehicle was located.
Because we hold that any negligence by the Town did not proximately cause the accident as a matter of law, we do not address the contributory negligence issue.
AFFIRMED.
ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] At the time of the accident and the filing of the complaint, Amy Johnson Peoples was an unmarried minor known as Amy Elizabeth Johnson. This suit was originally brought by her father, Robert E. Johnson, as her next friend for her personal injuries. Robert E. Johnson also brought suit in his individual capacity to recover medical expenses he paid on account of his daughter. Amy Elizabeth Peoples reached majority during this litigation and is prosecuting this appeal in her own name. Robert E. Johnson also appeals in this case.