The plaintiffs in this case sued Mobile Greyhound Park ("the Park"), alleging that they were injured when the bus in which they were riding was struck by a pickup truck at the intersection of Theodore-Dawes Road and the entrance to the Park. The plaintiffs sought to recover damages under a general negligence theory, arguing that their alleged injuries were the proximate result of the negligence of a Park employee who was directing traffic at the intersection at the time of the collision. The trial court entered a summary judgment for the Park, and the plaintiffs appealed. We affirm.
The summary judgment in this case was proper if there was no genuine issue of material fact and the Park was entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. The burden was on the Park to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to the plaintiffs to present evidence creating a genuine issue of material fact, so as to void the entry of a judgment against them. In determining whether there was a genuine issue of material fact, we must view the evidence in the light most favorable to the plaintiffs and we must resolve all reasonable doubts against the Park. Aetna Life CasualtyCo. v. Atlantic Gulf Stevedores, 590 So.2d 205 (Ala. 1991). Because this case was pending on June 11, 1987, the applicable standard of review is the "scintilla of evidence" rule. Ala. Code 1975, § 12-21-12.
The evidence, viewed in the light most favorable to the plaintiffs, shows the following: At the time of the collision, Maurice Lofton, a security officer employed by the Park, was in charge of controlling the flow of traffic at the intersection of Theodore-Dawes Road and the entrance to the Park. The entrance to the Park has one incoming and two outgoing lanes for traffic and forms a "T" when it intersects with Theodore-Dawes Road. Lofton's job was to control the flow of traffic at the intersection during the Park's peak traffic hours by manually operating the three-stage traffic signal (red, yellow, green) located at the intersection. Lofton did this by pushing a button on a hand-controlled device that was attached to a long cord connected to a control box. Immediately before the collision, Lofton had changed the signal to green for the vehicles exiting the Park and, after looking in both directions on Theodore-Dawes Road to make sure that no vehicle was about to run the red light, had signaled with his hand for the vehicles exiting the Park to enter the intersection. After approximately a minute, long enough for several automobiles and two other buses to exit the Park, the bus in which the plaintiffs were riding moved into the intersection from the right outgoing lane to make a left turn onto Theodore-Dawes Road and was immediately struck by the pickup truck in the area of the left front wheel. Lofton, who had stepped back from the intersection approximately the length of two automobiles and stopped the traffic in the left outgoing lane to enable the bus to make a wide left turn onto Theodore-Dawes Road, never saw the pickup truck before the collision. The driver of the bus in which the plaintiffs were riding also never saw the pickup truck before the collision, and he did not rely on any hand signal from Lofton before he drove the bus into the intersection. The driver of the bus relied, instead, on the traffic signal, which was green for his lane of outgoing traffic. The traffic signal was operating properly at the time of the collision; therefore, when the traffic signal for the Park's outgoing lanes of traffic was green, the signal for the lane in which the pickup truck was travelling was red. An eyewitness testified that the pickup truck appeared suddenly. The driver of the pickup truck, who was intoxicated, never applied her brakes before the collision.
After diligently reviewing the record, we can find no evidence tending to *Page 210 
show that the plaintiffs were injured as a result of negligence on the part of the Park. To the contrary, the undisputed evidence shows that the collision was the direct result of the actions of a drunken driver, who drove into the intersection apparently oblivious to the red traffic signal. Pursuant to Ala. Code 1975, § 32-5A-31, the driver of every vehicle, with certain exceptions not applicable here, is charged with the legal responsibility of obeying traffic signals, such as the one at the intersection of Theodore-Dawes Road and the entrance to the Park. Consequently, to hold as the plaintiffs suggest (i.e., that Lofton's failure to see the oncoming pickup truck and his failure to take steps to warn the bus driver of the peril was evidence of negligence), we would have to hold that Lofton was under a legal duty to anticipate that someone travelling on Theodore-Dawes Road toward the intersection would violate the law by ignoring the red traffic signal. This we will not do. Although we agree with the plaintiff that a summary judgment is rarely proper in a negligence case, we also note that a summary judgment may be proper in a negligence case under certain circumstances. Morrison v. City of Ozark,575 So.2d 1110 (Ala. 1991). As the evidence set out above shows, the summary judgment in this case was proper.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.