This case involves an entry of a summary judgment in a negligence action.
The record indicates that in January 1994, Thomas E. White filed a complaint against Jerry R. Howie and others, seeking damages for injuries he claimed had resulted from an automobile collision in January 1992. White alleged that Howie negligently or wantonly operated his motor vehicle, thereby causing the accident. Howie answered by denying the material allegations of the complaint and asserting numerous affirmative defenses. Howie's motion to compel White to respond to discovery requests was granted, and in August 1994, Howie filed a motion for a summary judgment. Thereafter, Howie filed an affidavit detailing his version of the events surrounding the accident, to support his summary judgment motion. In October 1994, the trial court set a hearing on the motion for November 14, 1994, and following that hearing, the trial court issued an order stating, in pertinent part:
 "Upon consideration of the defendant's motion, the sworn affidavit of the defendant in support of his motion, the defendant's answers to Interrogatories, the pleadings in the case, and the Court's order compelling discovery to which plaintiff has not responded, it is hereby Ordered that summary judgment be and is hereby entered in favor of the defendant, Jerry R. Howie, and against the plaintiff, Thomas E. White. Costs are hereby taxed as paid."
On December 6, 1994, a different attorney entered an appearance for White and filed a post-judgment motion requesting that the summary judgment be set aside. White's supporting brief included statements from two witnesses. White's post-judgment motion was denied by operation of law, and he appealed to the Supreme Court, which transferred the appeal to this court pursuant to Ala. Code 1975, § 12-2-7.
White raises two issues: (1) whether the trial court erred by entering a summary judgment in favor of Howie, and (2) whether the trial court erred by refusing to reconsider and set aside the summary judgment.
A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The moving party bears the burden of negating the existence of a genuine issue of material fact and showing that it is entitled to a judgment as a matter of law. Economy Fire Casualty Co. v. Goar,551 So.2d 957 (Ala. 1989).
 "In determining whether the movant has carried that burden, the court is to view *Page 754 
the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present 'substantial evidence' creating a genuine issue of material fact — 'evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
Capital Alliance Insurance Co. v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994). Additionally, we note that while a summary judgment is rarely appropriate in negligence actions, it may be proper under certain circumstances. Gordon v. MobileGreyhound Park, 592 So.2d 208 (Ala. 1991).
White, the nonmovant, contends that the summary judgment was improper because, he says, Howie failed to meet his initial burden of proving the absence of a genuine issue of material fact. We note, however, that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Rule 56(b), A.R.Civ.P. Howie's motion for a summary judgment was followed by a supporting affidavit, which was a narrative summary of what he contended to be the undisputed material facts, including a statement that White had admitted fault and that Howie had received a judgment against White in the district court. Even viewing that evidence in a light most favorable to White, we conclude that Howie has clearly met his initial burden.
Further, "[i]f the opposing party contends that material facts are in dispute, that party shall file and serve a statement in opposition supported in the same manner as is provided herein for a summary of undisputed material facts." Rule 56(c)(1), A.R.Civ.P. The record discloses that White simply failed to present any evidence to oppose the motion until after the summary judgment had been entered against him. White argues, however, that the evidence presented by Howie was clearly disputed by White's complaint. Rule 56(e), A.R.Civ.P., states:
 "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
(Emphasis added.) See also Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794 (Ala. 1989); Melton v. Perry County Boardof Education, 562 So.2d 1341 (Ala.Civ.App. 1990).
White also argues that the trial court erred by refusing to reconsider and set aside the summary judgment. It is well established that our review of the trial court's ruling on a post-judgment motion filed pursuant to Rule 59(e), A.R.Civ.P., is limited to determining whether the trial court abused its discretion. Kent v. Kent, 624 So.2d 599 (Ala.Civ.App. 1993). A post-judgment motion may not be used to belatedly submit evidence in opposition to a motion for a summary judgment.Moore v. Glover, 501 So.2d 1187 (Ala. 1986). Further, "[a] Rule 59(e) motion does not operate to extend the time for filing affidavits or other material in opposition to a motion for summary judgment." Moore at 1189. The trial court properly entered the summary judgment in favor of Howie, and White has failed to show that the trial court abused its discretion in refusing to reconsider and set aside that summary judgment.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur. *Page 755