SHORES, Justice
(dissenting).
I respectfully dissent, because I do not believe the summary judgment was appropriate in this wrongful death action.
The plaintiff’s decedent, Kenneth Griffin, who was deaf, died as the result of injuries he sustained when his motor vehicle was struck by a train at the Tinney Street railroad crossing in Talladega. The passenger riding with Griffin at the time of the accident was also deaf.
The plaintiff did not sue the railroad. She sued the City of Talladega, alleging 1) that it had negligently maintained a defective public street and railroad grade crossing; 2) that it had done so with knowledge of the defect; and 3) that as a result of the City’s negligence, the motor vehicle operated by Griffin was struck by a train and Griffin died as a result of injuries suffered in the collision.
I think the plaintiff presented genuine issues of material fact that should preclude the entry of a summary judgment: 1) whether the City, where the Alabama Institute for the Deaf and Blind is located, has a higher duty to protect its impaired citizens and/or whether the City has undertaken a higher duty; 2) whether the City failed to maintain its roadways and streets in a safe manner, as required by Ala.Code 1975, § 11-47-190; 3) whether the City had prior knowledge of the existence of a dangerous condition; and 4) whether Kenneth Griffin died as a proximate result of negligence on the part of the City.
The City is required by § 11-47-190 to maintain its roadways and streets in a safe manner. A city has a duty to warn of a dangerous condition on or near a roadway.
Hale v. City of Tuscaloosa, 449 So.2d 1243 (Ala.1984). “[A] railroad crossing may be a hazardous defect at or near the street, and if the City has actual or constructive notice of such a defect, it has the duty to remedy that defect.” Hale at 1247. There was testimony that oncoming trains at the Tinney Street crossing are obscured by buddings and by a fence covered with vegetation. It is undisputed that there are no flashing caution lights or crossarms at the crossing to warn deaf drivers of an approaching train. Talladega’s Ordinance 15-22 required the placement of a traffic stop sign on each side of every railroad grade crossing. The City failed to comply with that ordinance. Tal-ladega has specifically undertaken to protect visually impaired persons by installing an audible street-crossing safety system on streetcomers in the City. The plaintiff alleges that Mr. Griffin’s death was not the first death or personal injury to result from car/ train accidents at the Tinney Street crossing.
The majority, in affirming the City’s summary judgment, relies upon Peoples v. Town of Ragland, 583 So.2d 221 (Ala.1991). However, its reliance upon that case is misplaced. In Peoples, the plaintiff saw a vehicle approaching; upon seeing the danger, the plaintiff continued to accelerate into the intersection. This Court stated: “There was no evidence presented to show that any traf- *409 fie control device would have prevented her from accelerating forward into the intersection, or that the lack of any traffic control device contributed to her injuries.” Id. at 225.
Mr. Edward Johnson, the passenger in the car with Kenneth Griffin, testified that he and Griffin did not see the train that struck their vehicle. There was no traffic device to warn them of the imminent danger of an approaching train. It would be reasonable to infer that the lack of a traffic control device contributed to cause Kenneth Griffin’s death and that the existence of such a device would have prevented this accident.
For these reasons, I would reverse the summary judgment and remand the case for a trial on the merits.
BUTTS, J., concurs.