THOMPSON, Judge.
Hugh Langham sued Wal-Mart Stores, Inc., alleging that Wal-Mart had negligently constructed a drainage system; that the negligent construction had caused his property to flood; and that the flooding had damaged his residence and real property. The circuit court denied Wal-Mart’s motion for a summary judgment, and the case was tried to a jury. At the close of Langham’s evidence, Wal-Mart moved for a judgment as a matter of law; at the conclusion of the presentation of all of the evidence, Wal-Mart renewed its motion. The jury returned a verdict in favor of Langham for $10,000, and the trial court entered a judgment on that verdict. Following the entry of the judgment, Wal-Mart again moved for a judgment as a matter of law, or, in the alternative, a new trial. The trial court denied the motion; this appeal followed.
Because we conclude that the trial court erred in denying Wal-Mart’s motion for a judgment as a matter of law at the conclusion of the presentation of Langham’s evidence, we reverse and remand.
In April 1998, Langham’s property flooded on two separate occasions; each flood followed a torrential rainstorm. Langham’s residence was located on the parcel of land with the lowest elevation in the area. At the time of the flooding, a new Wal-Mart store was being constructed approximately one-quarter mile from Langham’s property. In January 1999, Langham sued Wal-Mart in the district court, alleging that Wal-Mart had negligently and/or wantonly constructed its facility and had done so in such a way as to cause run-off water to flood his property. The district court entered a judgment in favor of Wal-Mart; Langham appealed to the circuit court.
On appeal to the circuit court, the case was tried to a jury, on April 11, 2000. Langham testified that he had lived in his home for 40 years and had never experienced a flooding problem before these incidents. Langham testified that the two rainstorms that caused his home to flood had produced rain of 9 and 11 inches, respectively. He explained that a drainage ditch, located behind his property, had overflowed during these two rainfalls, causing water to flood his home. Lang-ham testified that he had seen water overflowing from the “catch pond” at the Wal-Mart construction site. Langham stated that he had been financially unable to make the necessary repairs to his water-damaged residence, and that he had sold his property, in its damaged condition, for $25,000.
Richard Crist, the assistant superintendent of public works for Mobile County, testified as Langham’s expert. Crist testified that all of the construction plans for the new Wal-Mart facility had been approved by the county engineers. Neither Langham nor Crist testified that Wal-Mart’s retention pond was inadequate— they stated only that they had seen it overflow. Crist testified that it was Wal-Mart’s failure to install a culvert pipe to divert water away from the construction site to the ditch behind Langham’s property that had caused Langham’s property to *1172 flood. However, Crist also testified that, had the culvert pipe he recommended been installed, he could not say it would have prevented the flooding and resulting damage.
Upon review of a trial court’s denial of a motion for a judgment as a matter of law (“JML”), the reviewing court applies the same standard “used by the trial court in granting or denying the motion[ ] initially.” Bussey v. John Deere Co., 531 So.2d 860, 863 (Ala.1988). Stated differently, a defendant’s motion for a JML is properly denied only when, viewing the evidence in a light most favorable to the nonmovant, the court concludes that the plaintiff has presented substantial evidence to support each element of the plaintiffs claim. Glenlakes Realty Co. v. Norwood, 721 So.2d 174, 177 (Ala.1998).
Langham sought to recover from Wal-Mart based on theories of negligence and wantonness. In order to recover under either of these theories, one must present substantial evidence tending to show that the conduct complained of, whether negligent or wanton, produced the harm in question. See, e.g., Brushwitz v. Ezell, 757 So.2d 423 (Ala.2000), and Ellis v. Alabama Power Co., 431 So.2d 1242 (Ala.1983). The dissent considers, as sufficient evidence to submit the negligence and wantonness claims to the jury, Langham’s testimony that his residence had not flooded in 40 years and his expert’s testimony that Wal-Mart’s initial failure to install the culvert pipe had caused the flooding. We disagree. No evidence in the record indicates that Wal-Mart negligently or wantonly constructed its drainage system. Crist, the expert who testified on Lang-ham’s behalf, stated that he could not say whether Langham’s property would have flooded had there been no construction, and he did not know whether the installation of the culvert pipe he recommended would have prevented the flooding. The evidence does not indicate that such torrential rainfalls had occurred in this area before. Absent a showing of proximate causation, Langham failed to establish a prima facie case of negligence or wantonness. Ellis, 431 So.2d at 1246.
Upon hearing Wal-Mart’s motion for a judgment as a matter of law, the trial court denied the motion, commenting, “Well, there has been no direct testimony that, but for the new construction, the house would not have flooded .... But I think that’s a reasonable inference, given the testimony, that the house had never flooded before the increase of the surface water drainage .... ” We disagree. The testimony presented on the issue of causation affords nothing more than mere speculation, and our supreme court has held that speculation is insufficient to warrant submitting a claim to a jury.[1] Peoples v. Town of Ragland, 583 So.2d 221 (Ala.1991).
The trial court erred in denying Wal-Mart’s motion, made at the conclusion of Langham’s presentation of evidence, for a judgment as a matter of law. We therefore reverse the judgment based on the jury’s verdict and remand the case for the court to enter a judgment as a matter of law in favor of Wal-Mart on Langham’s claims alleging negligence or wantonness.
REVERSED AND REMANDED.
CRAWLEY and PITTMAN, JJ., concur.
*1173 MURDOCK, J., concurs in the result.
YATES, P.J., dissents.

. The trial court did not instruct the jury on the doctrine of res ipsa loquitur, and Lang-ham does not contend that that doctrine applies in the present case. Therefore, we do not address the question whether that doctrine would apply to create liability on the part of Wal-Mart for the damage to Lang-ham’s property.