Lucia Patterson (the "wife") petitions this court for a writ of mandamus directing the Barbour Circuit Court to vacate its order granting Aaron Patterson (the "husband") an extension of time within which to file a postjudgment motion.
The wife filed a complaint for divorce on August 20, 2001. Following a trial on December 4, 2001, the circuit court issued a final judgment of divorce on April 29, 2002. Pursuant to the judgment, the wife received primary custody of the parties' minor children and was awarded child support in accordance with the child-support guidelines of Rule 32, Ala.R.Jud.Admin. The court also divided the marital property and awarded periodic alimony to the wife. *Page 262 
On May 31, 2002, the husband filed a motion requesting an extension of time within which to file a motion pursuant to Rule 59 and Rule 60, Ala.R.Civ.P., for a new trial or, in the alternative, for an amendment to the court's April 29, 2002, final judgment. Although the wife objected to the extension request, the trial court granted the husband's motion on June 6, 2002, purporting to extend the time within which the husband could file a postjudgment under Rule 59 and/or Rule 60. Thereafter, pursuant to the purported extension, the husband filed a motion seeking a new trial or, in the alternative, an amendment of the trial court's final judgment. On June 20, 2002, the wife filed in this court her petition for a writ of mandamus.
A writ of mandamus is an extraordinary writ to be issued only when "(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked." Ex parte Flint Constr. Co.,775 So.2d 805, 808 (Ala. 2000) (citing Ex parte Mercury Fin. Corp.,715 So.2d 196, 198 (Ala. 1997)). Because mandamus is an extraordinary remedy, our review of the petition is limited to determining whether there has been a clear abuse of discretion by the trial court. White v.Howie, 677 So.2d 752, 754 (Ala.Civ.App. 1995).
The husband stated in his postjudgment motion that that motion was being filed pursuant to both Rule 59 and Rule 60. Insofar as Rule 59 is concerned, we note that the motion contains both a request for a new trial, see Rules 59(a) and (b), Ala.R.Civ.P., and a request, in the alternative, that the court amend its final judgment, see Rule 59(e), Ala.R.Civ.P. Rules 59(b) and (e), respectively, provide that a motion for a new trial and a motion to amend a judgment must be filed within 30 days after the entry of the judgment. Rule 6(b), Ala.R.Civ.P., provides that a court "may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them." Neither Rule 59(b) nor Rule 59(e) provide for such an extension of time, and the 30-day time limit for the filing of motions contemplated by those rules therefore cannot be extended. Marshv. Marsh, 852 So.2d 161 (Ala.Civ.App. 2002); Hallmark v. Hallmark,381 So.2d 641, 642 (Ala.Civ.App. 1980); Cornelius v. Green, 477 So.2d 1363,1364-65 (Ala. 1985).
Accordingly, the last day upon which the husband could have filed either a motion for a new trial or a motion to amend the judgment was May 29, 2002. The circuit court was without authority to grant an extension of time beyond that date for the filing of either such motion. Thus, to the extent that the wife's petition for a writ of mandamus seeks relief from that aspect of the trial court's order extending the time for the husband to file a Rule 59 motion, the petition is due to be granted. The trial court is directed to vacate its order in that regard and to dismiss as untimely that portion of the husband's postjudgment motion seeking relief under Rule 59.
The husband's postjudgment motion also sought relief under Rule 60, Ala.R.Civ.P. The motion asserts "newly discovered evidence," a ground for relief that is addressed in Rule 60(b)(2).
Motions for relief from a judgment that allege newly discovered evidence under Rule 60(b) must be filed "within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken." Again, Rule 6(b) *Page 263 
provides that the time period within which a Rule 60(b) motion may be filed may be extended only to the extent allowed by Rule 60(b). Rule 60(b) contains no provision allowing for such an extension. Thus, as in the case of the trial court's order purporting to grant additional time for the filing of a Rule 59 motion, the trial court was without authority to grant an extension of time to the husband for the filing of a Rule 60(b) motion.
Unlike the husband's Rule 59 motion, however, the husband's Rule 60(b) motion may not have been untimely. Because the motion was filed within the four-month outer time limit specified in Rule 60(b) for motions filed under Rules 60(b)(1) through (3), the question of its timeliness turns on whether it also was filed within "a reasonable time." If it was, the wife has suffered no injury as a result of the trial court's purported extension of time for the filing of that motion. A showing of injury is required for the issuance of a writ of mandamus. See Ex parte AmSouthBank, 735 So.2d 1151, 1154 (Ala. 1999). Also, as noted above, a writ of mandamus is to be issued only when a petitioner has a "clear legal right to the relief sought." See Ex parte Flint Constr. Co., 775 So.2d at 808. The burden is on the petitioner who seeks a writ of mandamus to show that each element required for issuance of the writ has been satisfied. See Exparte Consolidated Publ'g Co., 601 So.2d 423 (Ala. 1992). The materials submitted to this court by the wife in this case do not establish as a matter of law that the husband's postjudgment motion, to the extent it was filed pursuant to Rule 60(b), was filed beyond a reasonable time. Therefore, insofar as it relates to the husband's effort to obtain relief under Rule 60(b), the wife's petition for a writ of mandamus is due to be denied.
To the extent the husband's motion seeks relief from the trial court's judgment pursuant to Rule 60(b)(2), however, we note that that rule allows for such relief on the basis of "newly discovered evidence" that by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). It does not allow for such relief on the basis of facts or circumstances that occur or come into existence after the judgment is entered.
PETITION GRANTED IN PART AND DENIED IN PART.
Crawley and Pittman, JJ., concur.
Yates, P.J., and Thompson, J., concur specially.