THOMPSON, Presiding Judge.
 

 Drew D. Rhodes appeals from a judgment entered in favor of Janette Fulmer by the Calhoun Circuit Court. For the reasons stated herein, we dismiss the appeal as an untimely filed appeal.
 

 Lennie P. Rhodes (“the decedent”) died testate on January 21, 1999. Her will named her son, Drew D. Rhodes
 
 *1241
 
 (“Rhodes”), as the executor of her estate. In addition to Rhodes, the decedent had two other heirs, her daughters Janette Fulmer and Sandra Combs. The Calhoun Probate Court admitted the decedent’s will to probate on September 22,1999.
 

 On October 3, 2005, Fulmer petitioned to have the administration of the decedent’s estate removed to the Calhoun Circuit Court. The circuit court granted Ful-mer’s petition, and the record from the probate court was thereafter delivered to it.
 

 On May 5, 2006, Fulmer moved the circuit court to enter an order requiring Rhodes to account for how he had spent the funds of the estate, to carry out the terms of the will, and to make a final disposition of the estate. In her motion, she alleged that Rhodes had not accounted for several items in the estate and had converted to his own use estate funds that were due the beneficiaries of the will.
 

 The circuit court held a hearing on Ful-mer’s motion on September 18, 2006. At the conclusion of the hearing, the circuit court left the record open for the parties to conduct more discovery and to submit additional evidence. On February 1, 2007, additional discovery having been completed, Fulmer moved the court to hold a second hearing on the matter and, following the hearing, to enter an order requiring Rhodes to file an inventory of the estate showing how he had disposed of the assets of the estate and requiring Rhodes to distribute to the beneficiaries of the will any estate assets that he had converted to his own use. In her motion, Fulmer alleged that Rhodes had committed perjury during the first hearing:
 

 On May 7, 2007, the circuit court held a second hearing in the matter, at the conclusion of which the circuit court indicated that it was taking the case under submission. At that point in the litigation, the dispute centered on, among other things, the sale of certain securities. Fulmer argued that Rhodes, in the course of two separate transactions, had sold all the decedent’s stock in J.C. Penney Company, Inc. (“the JCPenney stock”), but that Rhodes had failed to account for and distribute to the' decedent’s heirs the proceeds of those two sales. She also argued that Rhodes had held back $10,000 from the sale of certain securities (“the Prudential securities”) that the decedent had owned from the decedent’s estate. Rhodes denied that the proceeds from the sales of the JCPenney stock had ever been in his possession or the possession of the estate. He also denied that he had held any proceeds back from the sale of the Prudential securities.
 

 On October 3, 2007, the circuit court entered a judgment that read:
 

 “This matter came to be heard on the Petition of Janette Fulmer for a final accounting of the Estate [of] Lennie P. Rhodes, deceased, and the Court having taken testimony in regard [to] her Petition and having listened to and/or read arguments presented by counsel, the Court is of the opinion that [Rhodes] has withheld certain sums of money that should have been part of this Estate and distributed to the Legatees to wit: $10,000 [Rhodes] held back from the sale of [the] Prudential [securities], $12,905 from the first sale of JCPenney stock and $5,905 from the second sale of JCPenney stock for a total amount of $23,810.
 

 “The Court is therefore of the opinion that [Fulmer] is entitled to the following relief:
 

 “It is therefore ORDERED, ADJUDGED AND DECREED as follows:
 

 “1. [Rhodes] is hereby ORDERED to pay over to the Legatees of this Es
 
 *1242
 
 tate their One-Third (1/3) share of the sura of $28,810.
 

 “2. [Rhodes] is further ORDERED to convey to [Fulmer] what is now his two-third (2/3) interest in the real estate still owned by the Estate in consideration for being paid by [Fulmer] two-thirds of the appraised value according to the last appraisal done on this real estate.
 

 “3. [Rhodes] is further ORDERED to convey the Estate’s interest in the two cemetery lots to [Fulmer] in consideration of [Fulmer] paying the Estate the appraised value of said lots. In conjunction therewith, [Rhodes] is Ordered to disburse one-third of the amount paid for these lots to each of the Legatees, including himself.”
 

 On October 30, 2007, Fulmer filed a motion to amend the circuit court’s judgment, arguing that the correct amount to be disbursed to her sister and her was one-third of $28,810 each, not one-third of $23,810. The circuit court granted Fulmer’s motion on November 1, 2007.
 

 On December 7, 2007, Rhodes filed a “motion to amend” the judgment. He argued that the real estate the circuit court had ordered him to convey to Fulmer was not a part of the estate because it had been conveyed by the decedent to each of her three children before her death. He further argued that Fulmer had failed to prove that the proceeds of the sale of the Prudential securities and the first sale of JCPenney stock, which had occurred before the decedent’s death, had come into the decedent’s estate following her death. Finally, he argued that the circuit court’s order, in dividing certain assets of the estate, had failed to account for the expenses of the estate. As relief, he requested:
 

 “A. That the court set aside its order to [Rhodes] requiring him to convey his 2/3 interest in the real property to [Ful-mer], on the grounds that the issue is not properly before this court.
 

 “B. That the court set aside its order to pay over to the legatees the ‘hold back’ money and any other proceeds which were derived from the sale of assets prior to the death of Lennie P. Rhodes, as there has been no showing that those assets came into the possession of [Rhodes].
 

 “C. That the court order [Fulmer] to immediately pay to [Rhodes] the purchase price of the cemetery lots at the value as presented to the court.
 

 “D. That [Rhodes] be ordered to then account for the proceeds of the sale of the cemetery lots by adding such proceeds to the amount as reported to the court by [Rhodes] as those amounts coming into the estate and by subtracting those expenses reported to the court, including current expenses not yet reported.
 

 “E. That after such additions and subtractions, the resulting sum, if any, be distributed equally to legatees and an updated accounting be submitted to this court.”
 

 On December 13, 2007, Fulmer responded to Rhodes’s motion to amend, pointing out that it was untimely because it had not been filed within 30 days of the date of the court’s judgment.
 

 On December 18, 2007, Rhodes filed a second “motion to amend” the judgment and a response to Fulmer’s argument that the December 7, 2007, motion was untimely. In it, Rhodes indicated that he was filing the motion pursuant to Rule 60, Ala. R. Civ. P.,
 
 [1]
 
 and that he had not become
 
 *1243
 
 aware of the circuit court’s judgment and amended judgment until November 26, 2007, when he checked on the case, because he had not received proper notice of them through the State’s “E-notice” system. Rhodes incorporated by reference the arguments set forth in his December 7, 2007, “motion to amend,” and he asked the court to consider those arguments on the basis that, because of the problems with notification, he could not have filed his December 7, 2007, motion to amend in a timely manner.
 

 The circuit court held a hearing on Rhodes’s December 18, 2007, motion on February 20, 2008. At the hearing, the parties agreed that the portion of the order referencing the “real estate still owned by the Estate” was referring to the decedent’s house and that, because the house was not part of the decedent’s estate, the circuit court should not have ordered Rhodes to sell his two-thirds interest in the house to Fulmer.
 

 On March 10, 2008, the circuit court entered an order granting in part and denying in part Rhodes’s December 18, 2007, motion. Specifically, it removed from its judgment the paragraph requiring Rhodes to sell his two-thirds interest in the decedent’s house to Fulmer. It left the other two paragraphs related to the $28,810 and the two cemetery lots intact. On April 15, 2008, Rhodes appealed. The supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala Code 1975.
 
 [2]
 

 Rhodes raises three issues on appeal. However, before we reach those issues, we first consider whether this court has jurisdiction over Rhodes’s appeal “because ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.’
 
 ”
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting
 
 Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987)).
 

 In the present case, Rhodes had 42 days from the date of the November 1, 2007, amended judgment in which to file an appeal.
 
 See
 
 Rule 4(a)(1), Ala. R.App. P. Although the filing of a motion to amend a judgment pursuant to Rule 59(e), Ala. R. Civ. P., tolls the 42-day time limit by which to appeal the judgment,
 
 see
 
 Rule 4(a)(3), Ala. R.App. P., such a motion must be filed within 30 days of the judgment,
 
 see
 
 Rule 59(e), Ala. R. Civ. P. A trial court cannot extend the 30-day time limit for filing a Rule 59(e) motion to amend a judgment.
 
 See Ex parte Patterson,
 
 853 So.2d 260, 262 (Ala.Civ.App.2002).
 

 Rhodes did not file his motion to amend the judgment until December 7, 2007, which is beyond the 30-day deadline by which he was to have filed any such motion under Rule 59. Thus, it was untimely and did not toll the time for appealing the circuit court’s judgment.
 
 [3]
 
 Thus,
 
 *1244
 
 Rhodes’s time to appeal from the circuit court’s judgment ran several months before he filed the present appeal on April 15, 2008.
 

 The fact that Rhodes’s appeal is untimely is not altered by the fact that he filed a motion on December 18, 2007, purportedly pursuant to Rule 60, Ala. R. Civ. P.
 
 [4]
 
 First, the filing of a Rule 60 motion does not toll the time for taking an appeal.
 
 See Alabama Farm Bureau Mut. Cas. Ins. Co. v. Boswell,
 
 430 So.2d 426, 428 (Ala.1983) (“[A] motion made under Rule 60, [Ala. R. Civ. P.], is an attack on the judgment and does not affect the finality of the judgment or toll the time for appeal.”). Furthermore, the specific procedural relief Rhodes sought in his December 18, 2007, motion- — -i.e., that the circuit court consider his December 7, 2007, motion to amend the final judgment on the basis that he did not learn of the judgment until November 26, 2007 — is not available under Rule 60.
 
 See Ireland v. Piggly Wiggly Alabama Distrib. Co.,
 
 719 So.2d 844, 845 (Ala.Civ.App.1998) (“[T]he lack of notice from the clerk’s office [of the entry of a judgment] is not a ground for relief under Rule 60(b), Ala. R. Civ. P.”).
 

 Finally, in his appeal, Rhodes raises only one of the three substantive grounds that he incorporated into his December 18, 2007, motion from his December 7, 2007, Rule 59(e) motion. However, that ground — that the circuit court erred when it held that Rhodes had to return to the estate the proceeds of the sale of the Prudential stock and the first sale of JCPenney stock — was not properly before the circuit court as a basis for granting relief pursuant to Rule 60(b). Instead, that contention merely charges that the circuit court made an error of law in its judgment, which is the type of contention that must be raised either in a timely Rule 59(e) motion or in a timely appeal from the judgment.
 
 See Higgins v. Douglas,
 
 572 So.2d 1259, 1260 (Ala.1990) (A trial court’s alleged mistake of law is not a basis for seeking relief under Rule 60(b).). As a result, we treat the contention as having
 
 *1245
 
 been untimely raised and, therefore, outside the scope of the circuit court’s jurisdiction when it ruled on Rhodes’s December 18, 2007, motion.
 
 [5]
 

 See Morrison v. Phillips,
 
 992 So.2d 743, 744 (Ala.Civ.App.2008) (A motion purportedly filed pursuant to Rule 60(b) that fails to “allege any ground justifying relief under Rule 60(b), Ala. R. Civ. P.,” is “in both form and substance, a Rule 59(e), Ala. R. Civ. P., motion,” over which the trial court cannot exercise jurisdiction if not timely filed.).
 
 Cf Harwell v. Merritt Oil Co.,
 
 541 So.2d 564, 566 (Ala.Civ.App.1989) (A motion that “fails to allege or establish any ground justifying relief under Rule 60(b)” is “a Rule 59(e) motion in both form and substance.”). As a result, it cannot be said that Rhodes’s appeal is from the circuit court’s March 10, 2008, order granting in part and denying in part his December 18, 2007, motion; instead, his appeal is solely from the circuit court’s amended judgment of November 1, 2007.
 

 For the foregoing reasons, we conclude that Rhodes’s appeal is not timely, and, as a result, this court lacks jurisdiction to consider it. Therefore, his appeal is dismissed.
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Rhodes did not indicate the subsection of Rule 60 under which he sought relief. We
 
 *1243
 
 assume, however, that he sought relief pursuant to Rule 60(b) because Rule 60(a) applies only to clerical mistakes within a judgment, which Rhodes did not allege.
 

 [2]
 

 . Rhodes retained new counsel on appeal.
 

 [3]
 

 . We need not resolve whether the 30-day time limit to file his postjudgment motion began to run on the date of the original judgment or on the date of the amended judgment. When, as in this case, a trial court enters an amended judgment on the basis of a party's postjudgment motion, a party that is newly aggrieved by the amended judgment may then file its own postjudgment motion under Rule 59(e) to alter, amend, or vacate the amended judgment.
 
 See Ex parte Dowling, 477
 
 So.2d 400, 404 (Ala.1985). Although, in some sense, Rhodes was aggrieved by the amended judgment because it required him to return an additional $5,000 to the estate for distribution to the decedent’s heirs, he was not aggrieved in any manner for
 
 *1244
 
 which he sought relief in his December 7, 2007, motion. Regardless, however, the outcome of this case does not depend on whether his December 7, 2007, motion was 35 days late or 4 days late.
 

 [4]
 

 . Rule 60 provides, in pertinent part:
 

 "(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to tire appellate court in response to a writ of certiorari or like writ.
 

 "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation .... ”
 

 [5]
 

 . Rhodes's argument that the circuit court improperly included the decedent's house within the estate, which he incorporated in the December 18, 2007, motion, was properly before the circuit court as a ground for seeking Rule 60 relief.
 
 See
 
 Rule 60(b)(1), Ala. R. Civ. P. (A trial court's mistake, though not one of law
 
 (see City of Birmingham v. Fair-field,
 
 396 So.2d 692, 695-96 (Ala.1981)) can be the basis of a motion to set aside the trial court's judgment.). Thus, this opinion should not be construed as affecting the circuit court's March 10, 2008, order striking that portion of its judgment requiring Rhodes to sell his two-thirds interest in the decedent’s house to Fulmer.