THOMAS, Judge.
 

 Patricia M. Dulaney (“the mother”) appeals from the Calhoun Circuit Court’s judgment denying her motion to revive a previous judgment. Because the mother’s notice of appeal was untimely filed, we dismiss the appeal for lack of jurisdiction.
 

 Background
 

 On August 26, 1994, the Calhoun Circuit Court (“the trial court”) entered a judgment for unpaid child support in favor of the mother and against Larry D. Dulaney (“the father”). On February 10, 2008, the mother moved the trial court to revive the 1994 judgment.
 
 See
 
 Ala.Code 1975, §§ 6-9-190 and 6-9-192. On February 20, the trial court entered a judgment denying
 
 her
 
 motion. On March 3, the mother filed a Rule 59(e), Ala. R. Civ. P, postjudgment motion to alter, amend, or vacate the trial court’s judgment. The trial court conducted a hearing, and, on May 5, it denied the mother’s postjudgment motion. However, the trial court did not enter its order denying the postjudgment motion in the State Judicial Information System (“the SJIS”), and it did not notify the mother of the entry of the order. The mother’s attorney contacted the trial-court clerk’s office on several occasions and was told each time that the matter was still under advisement. On August 22, the mother discovered the existence of the May 5 order. On August 25, the mother filed a Rule 60(b), Ala. R. Civ. P., motion for relief from the judgment and, alternatively, a motion to reconsider the denial of her Rule 59(e) post-judgment motion. On September 2, the trial court purported to grant the mother’s motion to reconsider, but it denied her Rule 60(b) motion for relief from the judgment. On October 14, the mother appealed. The father filed a motion to dismiss the mother’s appeal as untimely.
 

 Analysis
 

 The trial court purported to deny the mother’s postjudgment motion on May 5, 2008. However, that order was not entered into the SJIS.
 
 See
 
 Rule 58(c), Ala. R. Civ. P. Therefore, that motion was denied by operation of law on June 3.
 
 See
 
 Rule 59.1, Ala. R. Civ. P.;
 
 see also Martin v. Martin,
 
 998 So.2d 1081 (Ala.Civ.App. 2008).
 
 [1]
 
 The mother had 42 days from that date — i.e., until July 15 — to appeal. However, the mother did not file her appeal
 
 *157
 
 until October 14.
 
 [2]
 
 Therefore, her appeal is untimely and we grant the father’s motion to dismiss.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Rule 59.1 provides that a postjudgment motion that is not ruled on by the court within 90 days is deemed denied at the expiration of the 90-day period. The 90th day following the mother's filing of her postjudgment motion on March 3, 2008, was Sunday, June 1, 2008. Monday, June 2, 2008, was a State holiday — Jefferson Davis’s Birthday. Therefore, the mother’s postjudgment motion was deemed denied on Tuesday, June 3, 2008. See
 
 First Alabama Bank
 
 v.
 
 McGowan,
 
 758 So.2d 1116 (Ala.Civ.App.2000), and
 
 Richburg v. Cromwell,
 
 428 So.2d 621 (Ala.1983).
 

 [2]
 

 . The filing of the mother’s Rule 60(b) motion on August 25 did not affect the timeliness of her appeal. "[T]he lack of notice from the clerk's office is not a ground for relief under Rule 60(b), Ala. R. Civ. P.; Rule 77(d), Ala. R. Civ. P., exclusively governs actions in which a litigant claims that the clerk's office failed to notify him of the trial court's entry of judgment.
 
 Lindstrom
 
 v.
 
 Jones,
 
 603 So.2d 960 (Ala.1992);
 
 Corretti v. Pete Wilson Roofing Co.,
 
 507 So.2d 408 (Ala.1986).”
 
 Ireland v. Piggly Wiggly Alabama Distrib. Co.,
 
 719 So.2d 844, 845 (Ala.Civ.App.1998). Moreover, "the filing of a Rule 60 motion does not toll the time for taking an appeal.
 
 See Alabama Farm Bureau Mut. Cas. Ins. Co. v. Boswell,
 
 430 So.2d 426, 428 (Ala.1983) ('[A] motion made under Rule 60, [Ala. R. Civ. P.], is an attack on the judgment and does not affect the finality of the judgment or toll the time for appeal.’).”
 
 Rhodes v. Fulmer,
 
 12 So.3d 1239, 1244 (Ala.Civ.App.2009).